On Motion to Dismiss.
 

 BRUNOT, J.
 

 This appeal grows out of a suit upon a promissory note for, $8,750, which was-executed and delivered to the plaintiff in connection with the following collateral agreement, viz.:
 

 “April 16th, 1927.
 

 “Mr. Sol J. Drapekin,. City.
 

 “Dear Mr. Drapekin: I am the owner of your note of even date and due July 1, 1928, of $8750.00, bearing
 
 6%
 
 per annum interest payable $43.75 monthly, commencing May 16th, 1927, said note is secured by 300 shares of stock in the Alluvial Orange Lands, Inc.
 

 “You are at liberty to pay this note or part of it at any time and thereby save interest.' On July 1, 1928, you can reduce it by paying $625.00 and it will-be extended to July 1,1929, and at that time you can reduce it another $625.00 and it will be extended to July 1,1930.
 

 “This arrangement, if taken advantage of by you, will make the note on July 1, 1930, $7,500.00, with the same collateral and I will carry same if you desire, until it pays itself out fi’om collection by me of your dividends on said stock in the A. O. L. Inc. Of course you have to pay the monthly interest promptly.
 

 “Cordially
 

 “[Signed] E. L. Chappuis.”
 

 The defense to the suit is alleged failure of consideration for the note and misrepresentation and fraud on the part of the plaintiff. To these defenses the plaintiff filed a plea of estoppel, which was referred to the merits, and the case is now pending in the civil district court for trial upon the merits
 
 *590
 
 of the issues raised by tbe petition, answer, and plea of estoppel.
 

 Tbe record discloses tbat defendant did not pay to the plaintiif tbe current monthly interest on tbe note as it accrued, but from month to month, upon orders obtained from tbe court, deposited tbe interest payments in tbe registry of tbe court, to be there held pending final judgment on tbe merits of tbe suit, and thereafter payable to tbe successful litigant. When tbe sum of tbe interest payments thus deposited in tbe registry of tbe court amounted to $831.25, tbe plaintiif ruled tbe defendant into court to show cause why this sum should not be delivered to him. This rule was beard and denied, and plaintiff appealed from tbat older.
 

 Defendant has moved to dismiss tbe appeal for three reasons, viz. tbat this court is without jurisdiction ratione materias; tbat no appeal lies from an interlocutory order tbat does not work irreparable injury; and that tbe proper transcript is not lodged in this court.
 

 Whether or not this court may entertain jurisdiction of a matter involving an amount less than $2,000 which grows out of a suit for a much larger sum need not be considered, for tbe order appealed from is clearly interlocutory, and, as tbe money involved is in the registry of tbe court, beyond tbe power of defendant to divert it from tbe purpose for which it was deposited, i. e., to be paid over to tbe successful litigant, tbe order appealed from cannot injure tbe plaintiff or affect, in tbe slightest degree, any legal right be might have to tbe fund. Tbe authorities on this point are so numerous we merely cite 1 La. Dig. Appeal, § 100, pp. 308, 309.
 

 For tbe reasons stated, tbe motion is sustained, and this appeal is dismissed at appellant’s cost.