MUNDY v. ORNSBY ET AL.

(June 16, 1930. Opinion and Decree.)

Charles J. Mundy, of New Orleans, in propria persona.

Jules A. Grasser and W. J. Hennessey, of New Orleans, attorneys for defendants, appellees.

JANVIER, J. Plaintiff, Mundy, claiming to be the owner of all of the assets of the estate of Octavia Harris, brings this action against Edward and Mary Ornsby, claiming that they are indebted to the estate of Octavia Harris, and therefore to him as purchaser of the assets of that estate, in the sum of $248. The pertinent part of the document which plaintiff attached to his petition and on which he bases this action reads as follows:

"This is to certify that we have received from Mrs. Octavia Harris, Two Hundred and Forty-eight Dollars ($248.00) as a loan on the property in Square No. Forty-Nine (49) Town of Mandeville, that we, Edward Ornsby and Mary Ornsby have purchased through Mr. Lancaster.

"It is further understood that we agree to bind ourselves not to sell this property or not to mortgage this property without the consent of the said Mrs. Harris, or until we shall have paid her in full the Two Hundred and Forty-eight Dollars ($248.00) loaned us."

"Edward Ornsby.
"Mary Ornsby."

Defendants raise several objections to the suit, among them that plaintiff, as attorney for the estate, the heirs of which were ignorant people, had no right to purchase the assets thereof. We deem it unnecessary to comment on this feature of the case because of the conclusion to which we have come after a consideration of the merits.

The main defense is that, after the money referred to in the document had been advanced, an offer to repay it was refused on the grounds that the lender, Octavia Harris, felt herself very much obligated to Mary Ornsby for personal attention and service and considered the loan as having been repaid. This defense raises a question of fact entirely, and on this question of fact the trial court found that the evidence preponderates in favor of defendants.

In the evidence we find the testimony of Mr. Caswell P. Ellis, Jr., a substantial and highly respected citizen, to the effect that the deceased and one of the defendants, Mary Ornsby, were for years domestics in his employ, and that, in conversations had by him with Octavia Harris, he was informed that she considered the debt as having been compensated and that she did not intend that it should be repaid in cash.

The document sued on is not a note in the sense that, if held by third parties, equities which existed between the maker and the original holder could not be established. Therefore, plaintiff is in no better position than was Octavia Harris, and, under the evidence which has been introduced, if Octavia Harris were alive today, she could not maintain this action, for the reasons which we have given and which the trial judge found substantiated by the evidence.

We cannot refrain from commenting on the mutilated condition of the record in this matter resulting from the attempt of one of the attorneys to forcibly call to our attention certain statements in the record. In the judgment of the writer, the underlining of statements specially attractive to one counsel or the other and the making of marks on the margin is highly reprehensible and should be discontinued.

The judgment appealed from is affirmed.