ROSEMARY LEDET, J.
|-i This is a nullity action. Kerry Kirby and Intradel Corporation (collectively “In-tradel”) are the plaintiffs; Poydras Center, LLC, and the Hertz Investment Group, LLC (collectively “Poydras Center”) are the defendants. Intradel appeals from the following two judgments: (i) the trial court’s October 1, 2014 judgment denying Intradel’s motion to set for hearing Poy-dras Center’s request for attorney’s fees; and (ii) the trial court’s October 29, 2014 judgment denying Intradel’s motion for appeal.[1] Because both judgments are in-terloeutory, neither judgment is appeal-able. For the reasons that follow, we dismiss both appeals.
FACTUAL AND PROCEDURAL BACKGROUND
This nullity action has a long, convoluted procedural history. The underlying suit was an eviction proceeding. Poydras Center, the owner and lessor of the building and parking garage located at 650 Poydras Street in New Orleans, commenced the suit in First City Court to evict its lessee, Intradel, from two | ^reserved parking spaces. On April 27, 2011, the trial court ruled in Intradel’s favor. On Poydras Center’s appeal, this court reversed and granted Poydras Center’s eviction. Poydras Ctr., LLC/Owner v. Intradel Corp., 11-0978 (La.App. 4 Cir. 12/7/11), 81 So.3d 80. Intradel failed to seek review of this court’s decision.
After the eviction proceeding, Intradel filed multiple other suits including the following: (i) a malpractice suit against the attorney who represented it in the eviction proceeding, which was filed in Civil District Court; (ii) a damage suit against, among others, Poydras Center, which also was filed in Civil District Court; and (iii) the instant nullity suit against Poydras Center, which was filed in First City Court.
In the nullity suit, which was filed in January 2014, Intradel sought to annul the April 27, 2011 judgment dismissing the eviction proceeding. In response, Poydras Center filed exceptions of prescription, res judicata, no cause of action, and lis pen- *603 dens. In its incorporated memorandum- in support of its exceptions, Poydras Center requested costs and attorney’s fees pursuant to La. C.C.P. art.2004.[2] At the May 20, 2014 hearing on the exceptions, the trial court sustained the exceptions of lis pendens and no cause of action and denied the remaining exceptions. After the trial court ruled on the exceptions, the parties addressed Poydras Center’s request for costs and attorney’s fees. The following colloquy ensued:
J¿THE COURT:
All right. I’ve got it. The exception of prescription preemption is denied. The exception of res judicata is denied. The exception of no cause of action is granted. And the exception of lis pendens is also granted.
MR. LUMINAIS [Poydras Center’s counsel]:
And, Your Honor, we do ask, and even either if it is in a separate proceeding or have a separate proceeding on costs and attorney’s fees related to the defense of this action in 2004.
THE COURT:
Well, you’re going to have to split them.
MR. LUMINAIS:
We can do this now. But we do ask for that. And that is what we plead.
[[Image here]]
MR. LUMINAIS:
Your Honor, the cost and attorney’s fees, we would like to address that now.
THE COURT:
We can. I don’t know. It is kind of like a wash. I don’t know if I am granting it, but you can convince me.
MR. LUMINAIS:
Absolutely.
MR; HAIR [Intradel’s counsel]:
The fact' that "we are ' still proceeding means that I think that would be premature to decide. If they win on the whole thing, maybe they are entitled to some costs and attorney fees. But once again, that’ is entirely discretionary in the court’s eyes.
THE COURT:
Let’s come back at the end of the ease and discuss costs argument,
I ¿MR. LUMINAIS:
Well, I’ll tell you what, we will reserve the costs argument. But, Your Honor, I think the case is over. The exceptions were granted. The case is over.
Following the hearing, the trial court was presented with a proposed judgment prepared by Poydras Center’s counsel; the proposed judgment included a reservation of Poydras Center’s attorney’s fees request. Nonetheless, oh June 12, 2014, the trial court rendered a judgment on the exceptions that was silent regarding the attorney’s fees request.
On August 26, 2014, Intradel filed a motion for devolutive appeal of the June 12, 2014 judgment. The trial court denied the motion for appeal as untimely.[3] On September 2, 2014, Intradel filed a rule to *604 show cause why it should not be allowed to file its devolutive appeal. At the October 1, 2014 hearing on the rule, Intradel argued that its motion for appeal was premature — not untimely — because the June 12, 1e2014 judgment was not final.[4] According to Intradel, the June 12, 2014 judgment was not final because the trial court had not yet decided Poydras Center’s attorney’s fees request. In support, Intradel cited Conrad v. McGowan Working Partners, Inc., 08-1251 (La.App. 3 Cir. 11/12/08), 997 So.2d 872, which held that a judgment granting summary judgment, awarding attorney’s fees and costs to the plaintiff, and directing the plaintiff to submit proposed fees and costs, was a partial judgment under C.C.P. art. 1915(B).[5] Poydras Center countered that because the trial court’s judgment was silent regarding its attorney’s fees request, its request was presumed to be denied.
After the trial court again denied Intra-del’s motion for appeal, Intradel represented to the trial court at the hearing that the attorney’s fees request had been “reserved” and asked the court to rule on that pending request. The following colloquy ensued:
MR. AARON [Intradel’s counsel]:
Okay. And the other issue, Your Honor, I guess, related to all of this is when I read the transcript, you reserved — I think you need to rule on the attorney’s fees issue. So at least when we get to court I don’t want the Fourth Circuit remanding it back to me.
THE COURT:
All right. All right. The issue for attorney’s fees is denied.
MR. AARON:
Thank you, Your Honor.
| (¡MR. LUMINAIS [Poydras Center’s counsel]:
But, Your Honor, do you see what’s happening here? Before we get — (Multiple speakers).
THE COURT:
I’m not — you’re not getting attorney’s fees, no attorney’s fees.
*605 MR. AAEON:
Thank you, Your Honor.
THE COURT:
We’ve all been here 10 times.
MR. LUMINAIS:
What’s happening here, -Judge, is that now we would be allowing him an appeal which he does not otherwise have. - ’
THE COURT:
No, but. this is on the , attorney’s fees only.
MR. LUMINAIS:
Judge, I understand. But what I’m saying is that now you’re allowing them an appeal that they do not otherwise have. Because that judgment was silent on that issue, it is presumed to be denied. The 10-day period has expired. ,It is a final and unassailable judgment.
THE COURT: ,
So since it was your motion for attorney’s fees, you are withdrawing it?
MR. LUMINAIS: ’
It wasn’t a motion. That’s the very thing about it, — it wasn’t a motion.
THE COURT:
It wasn’t a motion?
MR. LUMINAIS:
|7It wasn’t a motion..
THE COURT:
It wasn’t a motion?
MR. LUMINAIS:
It was not a motion.
THE COURT:
Well, I am not even going to entertain the attorney’s fees.
MR. LUMINAIS: -
There you go. Thank you.
THE COURT:
All right. That’s it. I will prepare the judgment here. There was no motion. He is not interested in attorney’s fees.
* ⅝ ⅜
THE COURT:
So the attorney’s fees issue is not before me. It’s not set for today. I am not entertaining it.
MR. AARON:
That’s fine. That’s your ruling?.
THE COURT:
That’s my ruling. I’m not entertaining it. It’s not before me. It’s not set for today. It’s only on whether or. not th.e appeal should stand. If you would like the issue on attorney’s fees heard, file •something. ⅛
On the same date as the hearing, Intra-del filed a rule to show cause (motion) why Poydras Center’s attorney’s fees request should not be set for hearing and’ denied. On that same date (October 1, 2015), the trial court denied Intradel’s rule to show cause. On October 29, 2014, the trial court issued a written judgment with incorporated reasons on the denial of the motion for appeal.
Is As noted at the outset; Intradel appeals the following two judgments: (i) the trial court’s October 1, 2014 judgment denying Intradel’s motion to set for hearing Poydras Center’s request for attorney’s' fees; and .(ii) the trial court’s October 29, 2014 judgment denying Intradel’s motion for appeal. Intradel simultaneously filed writ applications seeking supervisory review of both of these judgments. This court denied Intradel’s writ seeking review of the October 1,'2014 judgment denying its motion to set the request for attorney’s fees for hearing. Kirby v. Poydras Center, 14-1181 (La.App. 4 Cir. 12/16/14) (unpub.). Both this court and the Louisiana Supreme Court denied Intradel’s writ seeking review of the October 29, 2014 *606 judgment denying its motion for appeal. Kirby v. Poydras Center, 14-1309 (La.App. 4 Cir. 1/7/15) (unpub.), writ denied, 15-0251 (La.4/17/15), 168 So.3d 403. Based on our review of the record, we find the two judgment's before us are non-appealable, interlocutory judgments; we thus dismiss the appeals.
DISCUSSION
This court’s appellate jurisdiction extends to final judgments and to interlocutory judgments for which an appeal is expressly provided by law.? La. C.C.P. art. 2083.[6] A final judgment is one that determines the merits, in whole or in part; an interlocutory judgment is one that does not determine the merits, but only determines preliminary matters in the course of the action. La. C.C.P. art. 1841. |9“Thus all judgments other than final judgments and partial final judgments are interlocutory.” Frank L. Maraist, 1 LA. CIV. L. TREATISE, CIVIL PROCEDURE § 14:3 (2d ed.).
In its appellant brief in each of these appeals, Intradel states the ground on which it invokes this court’s jurisdiction as follows: “[t]he Judgment/Order is a final judgment because it effectively ends the trial court litigation between the parties.” Poydras Center counters that this court lacks jurisdiction over the appeals because the only final judgment in this case is the June 12, 2014 judgment, which granted the peremptory exception of no cause of action. We agree.
A judgment granting an exception of no cause of action and dismissing an action is an appealable, final judgment. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234, 1239 (La.1993). Intradel’s argument that Poydras Center’s attorney’s fees request was undecided by the June 12, 2014 judgment— rendering the judgment- not final and its motion for appeal premature — is.belied by a well-settled jurisprudential principle. The settled principle is that when a trial court’s judgment is silent with respect to a party’s claim or an issue placed before the court, it is presumed that the trial court denied the relief sought.[7] As noted, the trial court’s June 12, 2014 judgment was silent with respect to Poydras Center’s attorney’s fees request. Applying the settled principle, the attorney’s fees request is deemed denied.
11nIntradel, nevertheless, contends that the presumption normally applied to silence in a judgment regarding an issue is rebutted because the trial court indicated *607 at the hearing that it issued its own judgment on the exceptions because of confusion between the parties — not to deny the attorney’s fees request. The parties addressed the issue of the silence in the judgment regarding the attorney’s fees request at the hearing on Intradel’s rule to show cause why it should not be allowed to file its devolutive appeal. The following colloquy ensued:
MR. LUMINAIS [Poydras Center’s counsel]:
[[Image here]]
And here is what happened too, the case law in Louisiana says that if a Judge — if the judgment is silenced [sic] on an issue, it is presumed to be denied. And so we have submitted a judgment to you, Your Honor, in which, yes, we did reserve the issue as to attorney’s fees, even though the other side, the plaintiffs counsel, approved and agreed to the form of that judgment, the judgment that was actually rendered, looked different than our judgment.
THE COURT:
I think we did our own judgment.
MR. LUMINAIS:
You did your own judgment, absolutely. And that’s the point.
THE COURT:
There was so much confusion going on between the two of you, I did it.
MR. LUMINAIS:
And your judgment did not have anything about those fees, which means it is presumed to be denied, which means it was a final judgment, which means when they appealed it, they thought it was a 60 day deadline and they still missed that deadline, even though it is a 10 day | n deadline. The judgment is final. All appeal delays have passed.
The trial court’s statement that there was confusion between the parties, contrary to Intradel’s contention, is insufficient to rebut the presumption normally applied to silence in a judgment regarding an issue. Indeed, to the extent there is any inconsistency between the trial court’s oral reasons and its written judgment, another well-settled principle applies. The other settled principle is that a written judgment prevails over conflicting oral reasons.[8] The trial court’s judgment granting the exception of no cause of action thus implicitly denied the attorney’s fees request and was a final judgment.
After its initial notice of appeal from the final judgment granting the exception was denied as untimely, Intradel filed numerous motions. Intradel’s motions were, in essence, attempts to establish that its motion for appeal was premature — not untimely — given the alleged pending attorney’s fees request. The trial court’s judgments on two of those motions — both filed as rules to show cause— are the subject of Intradel’s two appeals. Both judgments are rulings denying Intra-del’s rules to show cause — one as to why its motion for devolutive appeal should not be granted; the other as to why the attorney’s fees request should not be set for hearing.
The judgments denying Intradel’s rules to show cause do not decide the merits of this case; thus, by definition, the judgments are interlocutory judgments. La. C.C.P. art. 1841; State ex rel. Dep’t of Soc. Servs. v. Howard, 03-2865, p. 2, n. 1 (La.App. 1 Cir. 12/30/04), 898 So.2d 443, 444 *608 (holding that “[t]he denial of a | iarule to show cause is a judgment that does not determine the merits? of the case. Therefore, it is an interlocutory judgment.”); see also Chappuis v. Drapekin, 170 La. 587, 128 So. 524 (1930) (finding an order denying plaintiffs rule to show cause why interest money defendant deposited in registry of court should not be paid to plaintiff was an interlocutory, non-appealable judgment). Given no statute expressly provides for an appeal of these interlocutory judgments, we find these appeals must be dismissed. La. C.C.P. art. 2083.
This court has exercised its discretion to convert appeals of non-appealable, interlocutory judgments into supervisory writ applications when certain conditions are met.[9] In this case, however, Intradel simultaneously filed supervisory writ applications from both of the judgments from which it seeks to appeal; and both its writ applications were denied.[10] A review of these judgments would thus be “repetitious.” Mid-State Orthopaedic & Sports Med. Ctr., Inc. v. Alliance Compressors, LLC, 15-216, p. 1 (La.App. 3 Cir. 4/8/15), 160 So.3d 669, 670 (declining to convert appeal to writ application because such a review would be 11s“repetititous.”). 'We thus find it inappropriate to convert Intra-del’s appeals into writ applications. ■
FRIVOLOUS APPEAL DAMAGES
In its appellee brief in each of these appeals, Poydras Center requested' an award of frivolous appeal damages. Poy-dras Center/ however, filed neither an answer nor .a cross-appeal to IntradeFs appeals. As a result, we find its requests for frivolous appeal damages are not properly before us. Johnson v. Nguyen, 00-1148, p. 10 (La.App. 4 Cir. 7/11/01), 793 So.2d 370, 376 (Murray, J., concurring) (noting that “[a]s the appellees did not answer this appeal nor file an appeal, the issue of their entitlement to additional sanctions and/or sanctions for frivolous appeal cannot be considered by this court.”); see Gail S. Stephenson, Sanctions for Frivolous Civil Appeals in Louisiana, 75 La. L.Rev. 1125, 1137 (2015) (noting that' “the rule that damages for frivolous appeal must be requested in an answer to appeal or cross-appeal has been established through 150 years of jurisprudence” and collecting ease.)[11] Accordingly, Poydras Center’s requests for frivolous appeal damages are denied.
CONCLUSION '
For the foregoing reasons, we find that both of the judgments appealed from are *609 non-appealable, interlocutory judgments. Accordingly, wé dismiss both appeals.
APPEALS DISMISSED

. Intradel refers to the matter on review as a motion for appeal; however, the record reflects that on August 26, 2014, Intradel filed a motion for appeal, which on August 28, 2014, the trial court denied as untimely. On September 2, 2014, Intradel filed a rule to show cause why it should not be allowed to file its devolutive appeal. After conducting a hearing on the rule, the trial court issued a judgment and incorporated reasons, dated October 29, 2014, reaffirming its decision to deny the motion for appeal. It is from this October 29, 2014 judgment that Intradel appeals.

. Louisiana Code of Civil Procedure art. 2004(C) allows for an award of attorney’s fees when a party is made a defendant and forced to re-litigate the validity of a prior judgment in response to a meritless nullity action alleging fraud or an ill practice,

. The delay for an appeal from a city court’s judgment is “ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” La. C.C.P. art. 5002(A). The judgment on the exceptions was rendered June 12, 2014, and notice of signing of judgment was issued the same date. Intradel filed its motion for appeal on August 26, 2014, over seventy days from the judgment date. Because the July 12, 2014 judgment was a final, appealable judgment, Intradel’s motion for appeal from that judgment was filed untimely.

. On October 29, 2014, the trial court issued a written judgment with incorporated reasons on the denial of Intradel’s motion for appeal. The trial court emphasized that the first time Intradel contended that Poydras Center’s request for attorney’s fees was still pending— making the judgment denying the exceptions not final and its motion for appeal premature — was after its motion for appeal was denied as. untimely. Due to Intradel's actions, the trial judge found this argument to be disingenuous; the trial court stated:
In oral proceedings [the hearing on Plaintiffs’ rule to show cause why they should not be allowed to file their devolutive appeal] before the Court, the plaintiffs' sole argument was that they did not believe the Judgment from June 12, 2014 was a final judgment. The Court is not persuaded by this argument because the actions of the plaintiffs show that they intended to take an appeal from the June 12, 2014 Judgment and simply missed the delay. Counsel for the plaintiffs immediately asked the Court for written reasons for the Judgment on May 20, 2014. The following day, plaintiffs’ counsel, Galen Hair, came to the court to order a transcript of the previous day’s proceedings from the Section B court reporter. Plaintiffs’ counsel never contacted the Court with any questions regarding the finality of the June 12, 2014 Judgment and, in fact, proceeded to file a Motion and Order for Devolutive Appeal on August 26, 2014. To question the finality of the Judgment, after the Motion is denied as untimely, is disingenuous.

. The Conrad court held that “[flor this appeal to be permitted, the judgment at issue would have had to have been designated as filial and appealable after an express determination that there was no just reason for delay.” 08-1251 at p. 4, 997 So.2d at 875. Unlike in the Conrad case, no attorney's fees award was made by the trial court in this case. Intradel's reliance on the Conrad case is thus misplaced.

. Louisiana Code of Civil Procedure art.2083 provides as follows:
A. A final judgment is appealable in all causes-in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.
C. An interlocutory judgment is appeal-able only when expressly provided by law.

. In re McCool, 15-0284, p. 26 (La.6/30/15), 172 So.3d 1058 (noting that it is well established that "those matters not expressly granted in a judgment or order of a court are considered denied” and citing M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371, p. 12 (La.7/1/08), 998 So.2d 16, 26, for the proposition that "relief sought presumed denied when judgment si lent as to claim or demand.”); Seals v. Omni Bank Ins. Companies, 12-0863, p. 13 (La.App. 4 Cir. 11/28/12), 104 So.3d 667, 673 (holding that “[w]hen a judgment is silent with respect to a claim, it is presumed that the district court rejected that claim” and citing Leary v. Foley, 07-0751, p. 4 (La.App. 4 Cir. 2/13/08), 978 So.2d 1018, 1021); Carter v. Dep’t of Police, 09-0723, p. 6 (La.App. 4 Cir. 10/21/09), 24 So.3d 255, 259 (silence in a judgment on any issue that has been placed before the court is deemed a rejection of the claim).

. Louisiana Casino Cruises, Inc. v. Capitol Lake Properties, Inc., 04-0882, p. 2 (La.App. 1 Cir. 3/24/05); 915 So.2d 784, 785 (holding that "[w]hen a trial judge's oral reasons conflict with his written, signed judgment, the latter governs.” and citing Northshore Capital Enterprises v. St. Tammany Hosp. Dist. No. 2, 01-1606, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112).

. In Mandina, Inc. v. O’Brien, 13-0085, pp. 7-8 (La.App. 4 Cir. 7/31/13), 156 So.3d 99, 103-04, writ denied, 13-2104 (La.11/22/13), 126 So.3d 485, this court noted that it has exercised its discretion to convert an appeal of a non-appealable, interlocutory, judgment into an application for supervisory writ when the following two conditions are met:
(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
(ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
Id.; see also McGinn v. Crescent City Connection Bridge Auth., 15-0165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145.

. Kirby v. Poydras Center, 14-1181 (La.App. 4 Cir. 12/16/14) (unpub.); Kirby v. Poydras Center, 14-1309 (La.App. 4 Cir. 1/7/15) (unpub.), writ denied, 15-0251 (La.4/17/15), 168 So.3d 403.

. In each of our writ dispositions denying Intradel's simultaneously filed writ applications, we expressly denied Poydras Center’s request for attorney's fees for filing-a frivolous writ.