LANDRIEU, J.,-
dissents with reasons.
hi respectfully dissent from the majority’s affirmation of the judgment confirming class certification. Because I do not find Ms. Duhon to be an adequate representative of the class, I would reverse.
Louisiana Code of Civil Procedure article 591 A(4) requires that the class representative(s) “fairly and adequately protect the interests of the class.” “Adequacy of representation for class certification requires that the claims of the proposed class representatives be a cross-section of, or typical of, the claims of all class members.” Husband v. Tenet Health Systems Mem’l Med. Ctr., Inc., 2008-1527, p. 11 (La.App. 4 Cir. 8/12/09), 16 So.3d 1220, 1230 (citing Andry v. Murphy Oil, U.S.A., Inc., 97-0793, p. 6 (La.App. 4 Cir. 4/1/98), 710 So.2d 1126, 1130). Four factors relevant to this inquiry are: (1) The representative must be able to demonstrate that he or she suffered an actual injury; (2) The representative should possess firsthand knowledge or experience of the conduct at issue in the litigation; (3) The representative’s stake in the litigation, that is, the substantiality of his or her interest in winning the lawsuit, should be significant enough, relative to that of other class members, to ensure that representative’s conscientious participation in the litigation; and (4) The representative should not have interests antagonistic to or in direct conflict with those of other class members. Claborne v. Hous. Auth. of New Orleans, 2014-1050, pp. 14-15 (La.App. 4 Cir. 4/15/15); 165 So.3d 268, 282, writ denied, 2015-0946 (La.9/11/15); 176 So.3d 1039.
In the present case, Ms. Duhon is the sole class representative. She filed a class action petition against the Association on behalf of all Harbor View condominium owners who were damaged by delays in repairing the individual units and common areas of the complex after Hurricanes Katrina and Rita, as well as by the procuring of a larger insurance deductible prior to the hurricanes. The problem with Ms. Duhon’s representation is that, unlike many of the members of the class she purports to represent, Ms. Duhon no longer owns a unit in the complex. While this fact alone would not necessarily result in a conflict in all situations, in this particular case the primary defendant alleged to be at fault, the Association, is entirely composed of volunteer unit owners who have been elected to represent the interests-of the present unit owners, who also compose ' the plaintiff class. Ms. Duhon is no longer represented by the Association. Therefore her interests are in conflict with those of the .class in general. Further exacerbating this conflict is the fact that the Association is involved in a pending lawsuit filed by the contractor it initially hired to make the hurricane repairs. In its recon-ventional demand asserted in’ that lawsuit, the Association contends the contractor is at fault for the same repair delays Ms. Duhon complains of in the class action. It must be presumed that unit owners and purported class members currently represented by the Association agree with the Association’s position blaming the contractor for those delays'. The Association argues that this class action is unnecessary because the interests of the class members in delay damages are being adequately asserted by it in the pending suit. Ms. Duhon failed to contravene this argument. Specifically, she did not present evidence that a single other unit owner agreed with her assertions that the Association was at fault for the repair delays. Ms. Duhon clearly is not in' the same position as the class members whose interests she [.¡purports to represent. In effect, she is asking that a class be certified to sue itself. As the sole class representative, her interests are antagonistic to those of the class. The trial court’s determination that Ms. *332 Duhon is an adequate class representative is manifestly erroneous.
, Ms. Duhon contends that her dismissal of the uninsured claims cures any conflict of interest between her and those class members, who are current members of the Association. I disagree. Even assuming that any potential award in the class action would be paid by the insurer of the Association, pursuant to the Louisiana Direct Action statute, the , Association must remain as a defendant in the lawsuit.[1]
I therefore find'that Ms. Duhon is unable to fairly and adequately protect the interests of the class as required by Article 591 A(4). Because Ms. Duhon’s interests are not sufficiently aligned with those of the class as a whole, I also find that a class action in this instance is not superior to other available methods for the fair and efficient adjudication of this controversy. See, La. C.C.P. art. 591 B(3). For these reasons, I would reverse the class certification.

. The Direct Action statute provides, in pertinent part:
B, (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido....; however, such action may be brought against the insurer alone only when at least one of the following applies:
(a)The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
(b) The insured is insolvent.
(c) Service of citation or other process cannot be made on the insured.
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
(e) When the insurer is an uninsured motorist carrier.
(f) The insured is deceased.
Lá. Rev. Stat. Ann. § 22:1269'(Emphasis supplied).