| STERLING DOUCETTE, DAVID NIXON, AND LEON RICHARD | * | NO. 2024-CA-0585 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| EASTOVER PROPERTY OWNERS' ASSOCIATION, INC. AND EASTOVER NEIGHBORHOOD IMPROVEMENT AND SECURITY DISTRICT | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-13803, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**LOBRANO, J. CONCURS IN THE RESULT**

Shermin S. Khan
THE KHAN LAW FIRM, L.L.C.
2714 Canal St.
Suite 300
New Orleans, LA 70119

Gavin M. Richard
THE LAW OFFICE OF GAVIN M. RICHARD, L.L.C.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163

     COUNSEL FOR PLAINTIFF/APPELLANT

Nancy A. Cundiff
Steven S. Stastny
Caroline J. Mowrey
GORDON REES SCULLY MANSUKHANI, LLP
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED IN PART; REVERSED IN PART, REMANDED**
**MAY 22, 2025**

This appeal arises from the trial court's May 31, 2024 judgment that partially granted Eastover Property Owners Association, Inc.'s ("EPOA") peremptory exceptions of no cause of action and no right of action, which partially dismissed the claims of Sterling Doucette ("Mr. Doucette"), David Nixon ("Mr. Nixon") and Leon Richard ("Mr. Richard") (collectively, the "plaintiffs"). For the reasons that follow, we affirm in part and reverse in part the May 31, 2024 judgment, and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

EPOA is a nonprofit corporation that promotes the health, safety, and welfare of residents of Eastover Subdivision in New Orleans. Eastover Neighborhood Improvement and Security District ("ENISD") was later created as an improvement district through Louisiana legislation in 2013.[1]

On April 11, 2023, the plaintiffs requested access of various records from EPOA Board of Directors. Mr. Nixon requested all contracts regarding security

---

[1] Louisiana Revised Statute 33:9091.21 enacted the Eastover Neighborhood Improvement and Security District.

1

and maintenance from 2013 to 2023. Mr. Richard requested all minutes, written and electronic recordings, and all records of ENISD from 2013 to 2023. Lastly, Mr. Doucette requested all cancelled checks and all bank statements from 2013 to 2023.

EPOA and ENISD (collectively the "defendants") responded to the plaintiffs' requests via letters dated May 17, 2023 to each plaintiff. In response, the defendants provided that the individual plaintiffs may schedule an appointment with EPOA Office Assistant, Sherlyn Lambert, during her work hours to review the requested EPOA records, noting that the plaintiffs may also review ENISD records that are subject to the Public Records Act and receive copies of ENISD records at the rate of twenty cents per page.

On September 12, 2023, counsel for the plaintiffs submitted a letter to the defendants regarding the defendant's failure to provide records. On October 3, 2023, the defendants responded, advising that 1) all contracts between the defendants and vendors have been provided, 2) Mr. Doucette was informed of the cost of copying ENISD's financial records, and 3) a letter was mailed to Mr. Richard notifying him of the number of pages and the cost that must be paid for copies of the ENISD Board meeting minutes. Thereafter, on October 16, 2023, the plaintiffs sent additional correspondence to the defendants explaining that the following requests were outstanding:

1. Minutes of ENISD/EPOA from January 1, 2013 through present including audio and ZOOM;
2. All certified bank statements of ENISD/EPOA from January 1, 2013 through present;
3. All cancelled checks of ENISD/EPOA from January 1, 2013 through present;
4. All contracts of ENISD/EPOA with third parties from January 1, 2013 through present; and

5. All actions committed by ENISD/EPOA from January 1, 2013 through present pursing [sic] the enforcement payment and collection of dues, assessments, and arrearages, including late fees and any subsequent legal action taken.

On December 28, 2023, the plaintiffs filed a petition for a writ of mandamus. The plaintiffs asserted that EPOA breached its bylaws and La. R.S. 12:223 by not complying with the plaintiffs' requests for inspection of EPOA records, and that EPOA acting as the custodian of record for ENISD breached the Public Records Act by withholding the requested financial records and failing to respond to the request as required by La. R.S. 44:32. Thereafter, on March 7, 2024, EPOA filed an answer to petition for writ of mandamus, and asserted peremptory exceptions of nonjoinder of a party, no cause of action, and no right of action. On March 15, 2024, ENISD filed an answer and peremptory exceptions of nonjoinder, no cause of action, and no right of action.

The trial court held a hearing on March 18, 2024, addressing the plaintiffs' writ of mandamus and the defendants' peremptory exceptions. Judgment was entered on May 31, 2024. All of ENISD's peremptory exceptions were denied for lack of timeliness. EPOA's exceptions were granted in part and denied in part, as follows:

- As to EPOA's Exceptions of No Cause of Action and No Right of Action as to Plaintiffs' claims under the Louisiana Public Records Act, Title 44 of the Louisiana Revised Statutes, it is **ORDERED** that the Exceptions are **GRANTED IN PART AND DENIED IN PART.** To the extent that the EPOA maintains the records of the ENISD as manager of the ENISD, those records are subject to the Louisiana Public Records Act and the Exceptions of No Cause of Action and No Right of Action as to those records is **DENIED.** To the extent that the records requested do not relate to the EPOA's management of the ENISD and relate solely to the EPOA, those records are not subject to the Louisiana Public Records Act and the Exceptions of No Cause of Action and No Right of Action as to those records is **GRANTED.**

3

- As to EPOA's Exception of No Cause of Action related to Plaintiffs' request for certified bank records, it is **ORDERED** that the exception is **DENIED**. The EPOA failed to meet the standard for no cause of action as to this request. This issue was decided by the Court on the merits, as detailed *infra*.

- As to EPOA's Exception of No Cause of Action as to Plaintiffs' claims for violation of LA Rev. Stat. § 12:223 and the bylaws of the EPOA, it is **ORDERED** that the exception is **GRANTED**. Plaintiffs' Petition fails to sustain a cause of action for violation of LA Rev. Stat. § 12:223 and the bylaws of the EPOA. Those claims are dismissed with prejudice.

- As to EPOA's Exception of No Right of Action as to Plaintiffs' claim for costs and fees, it is **ORDERED** that the exception is **DENIED**.

- As to EPOA's Exception of Non-joinder of Party, it is **ORDERED** that the exception is **DENIED**.

- As to EPOA's Exceptions of No Cause of Action and No Right of Action as to Plaintiffs' claim for damages under LA Rev. Stat. § 44:35, it is **ORDERED** that the exception is **GRANTED.** Plaintiffs' claims for damages under LA Rev. Stat. § 44:35 are dismissed with prejudice.

The plaintiffs' petition for writ of mandamus was granted in part and denied in part. The trial court ordered the defendants to preserve their records and that plaintiffs may inspect and photocopy the requested records, bank statements, cancelled checks and ZOOM recordings. The trial court noted that the defendants are not required to produce certified bank records. Lastly, the trial court deferred ruling on the plaintiffs' and the defendants' requests for an award of attorney's fees and costs. This appeal timely follows.

## DISCUSSION

The plaintiffs assert seven assignments of error:

1. The trial court legally erred in granting EPOA's Exception No Right of Action as to Plaintiffs' claims under La. R.S.12:223, La. R.S. 12:222(B), La. R.S. 12:225(D), Articles of Incorporation of EPOA, and EPOA's Bylaws, Article XV, Section 1, and La. R.S.12:264.

4

2. The trial court legally erred in granting EPOA's Exception of No Cause of Action as to Plaintiffs' claims under La. R.S.12:223, La. R.S. 12:222(B), La. R.S. 12:225(D), Articles of Incorporation of EPOA, and EPOA's Bylaws, Article XV, Section 1, and La. R.S.12:264.

3. The trial court legally erred in granting EPOA's Exception of No Cause of Action as to Plaintiffs' claims dismissing claims with prejudice for bad faith claims under La. R.S. 12:264 against EPOA, forcing the Plaintiffs' to bear the costs and expenses of any proceeding necessary to enforce such inspection rights, and for any other damages actually sustained by such member or members.

4. The trial court legally erred in deferring any ruling on Plaintiffs' claim for attorneys' fees and other costs, when it found that Plaintiffs were entitled to the records from ENISD and EPOA pursuant to La. R.S. 44:35(D)(1).

5. The trial court legally erred having the Plaintiffs' bear the expenses of these requests when it found that Plaintiffs were entitled to the records from ENISD and EPOA pursuant to La. R.S. 44:35(D)(1).

6. The trial court legally erred in denying the Plaintiffs' claims under La. R.S. 44:35(E)(1) and refused to allow Plaintiffs to introduce testimony to correspond to the evidence submitted to demonstrate how the custodian arbitrarily or capriciously withheld the requested records or unreasonably or arbitrarily failed to respond to the request as required by La. R.S. 44:32.

7. The trial court legally erred in denying the Plaintiffs' witnesses testimony, who were present to testify in regards to the actions by EPOA and ENISD.

***Assignment of Error #1***

In their first assignment of error, the plaintiffs assert that the trial court legally erred by granting EPOA's exception of no right of action and dismissing their claims under La. R.S.12:223, La. R.S. 12:222(B), La. R.S. 12:225(D), Articles of Incorporation of EPOA, and EPOA's bylaws, Article XV, Section 1, and La. R.S.12:264. Our review of the May 31, 2024 judgment reveals that the trial court granted EPOA's exception of no right of action as to the plaintiffs' claims under the Louisiana Public Records Act, and was silent regarding the exception of no right of action as it relates to the plaintiffs' claims pursuant to La. R.S.12:223,

5

La. R.S. 12:222(B), La. R.S. 12:225(D), Articles of Incorporation of EPOA, and EPOA's Bylaws, Article XV, Section 1, and La. R.S. 12:264. "The settled principle is that when a trial court's judgment is silent with respect to a party's claim or an issue placed before the court, it is presumed that the trial court denied the relief sought." *Kirby v. Poydras Ctr., LLC*, 2015-0027, p. 9 (La. App. 4 Cir. 9/23/15), 176 So. 3d 601, 606. As such, we find no merit in the first assignment of error.

***Assignment of Error #2***

In the second assignment of error, the plaintiffs assert that the trial court legally erred in granting EPOA'S exception of no cause of action and dismissing their claims under La. R.S.12:223, La. R.S. 12:222(B), La. R.S. 12:225(D), Articles of Incorporation of EPOA, and EPOA's Bylaws, Article XV, Section 1, and La. R.S.12:264. This assignment of error includes issues raised for the first time on appeal. The plaintiffs' petition does not reflect that violations of La. R.S. 12:222(B), La. R.S. 12:225(D), and Articles of Incorporation of EPOA were raised in the court below, moreover, the trial court did not rule on these issues. As a general rule, appellate courts will not consider issues raised for the first time on appeal, which were not raised in the pleadings and were not addressed by the trial court. *Strategic Cap. Holdings, LLC v. Bennett*, 2021-0672, p. 13 (La. App. 4 Cir. 7/29/22), 366 So. 3d 255, 263. Accordingly, these issues are without merit. The plaintiffs' remaining claims will be addressed below.

***Remaining Assignments of Error***

Of the remaining five assignments of error, we narrow our discussion to three issues to prevent redundancy: 1) whether the trial court erred in granting EPOA's exceptions of no cause of action as it relates to the plaintiffs' claims under

La. R.S.12:223 and EPOA's bylaws; 2) whether the trial court erred in dismissing with prejudice the plaintiffs' claims under La. R.S. 12:264; and 3) whether the trial court erred in deferring any ruling on the plaintiffs' claims under La. R.S. 44:35 against ENISD and not allowing witness testimony.

## EXCEPTION OF NO CAUSE OF ACTION

The plaintiffs argue that the trial court erred in sustaining EPOA's peremptory exception of no cause of action and subsequently dismissing their claims for violations of La. R.S. 12:223 and the bylaws of EPOA, and claims for damages under La. R.S. 12:264.

### *Standard of Review*

This Court reviews a trial court's ruling on an exception of no cause of action using the *de novo* standard of review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *Stanley v. Hous. Auth. of New Orleans*, 2023-0192, p. 17 (La. App. 4 Cir. 11/8/23), 377 So. 3d 389, 402 (citing *Herman v. Tracage Dev., L.L.C.*, 2016-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939). "The pertinent inquiry is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Ross v. State Through Univ. of La. Sys.*, 2022-0652 (La. App. 4 Cir. 2/13/23), 358 So. 3d 162, 165 (quoting *Maw Enterprises, L.L.C. v. City of Marksville*, 2014-0090, p. 6 (La. 9/3/14), 149 So.3d 210, 215).

"Only well-pleaded allegations of fact are accepted as true." *Stanley*, 2023-0192, p. 18, 377 So. 3d at 402 (citing *Strategic Med. All. II v. State*, 2022-0051, p. 6 (La. App. 1 Cir. 11/4/22), 355 So.3d 55, 59). "'[W]ell-pleaded' refers to properly pleaded allegations conforming to the system of fact pleading embodied in the

7

Louisiana Code of Civil Procedure. It does not include allegations deficient in material detail, conclusory factual allegations, or allegations of law." *Id.*

### Trial Court's Ruling on Claims under La. R.S. 12:223 and EPOAs bylaws

The trial court found that the plaintiffs have no cause of action for claims under La. R.S. 12:223[2] and t EPOA bylaws because it appeared on the face of the pleadings and attached documents that their request was complied with in respect to making the documents available.

Here, the plaintiffs alleged in their petition that EPOA violated La. R.S. 12:223 by not complying with their request for inspection of records. The plaintiffs also asserted "[f]or the statutory right of shareholders to examine corporate records to have any meaning, the right to copy, duplicate, and extract must necessarily be included in the term."

We do not find that the plaintiffs' petition states a valid cause of action for violation of La. R.S. 12:223, as it is devoid of allegations indicating EPOA's refusal to allow the plaintiffs to examine the records. Moreover, the petition does not specify which EPOA bylaws were violated. Attached to the petition were

_____

[2] Louisiana Revised Statute 12:223 provides in relevant part:

> A. Every corporation shall keep at its registered office (1) records of the meetings of its members and directors, and of committees of the board, share and membership records giving the names and addresses of the members in alphabetical order by classes and series and the number of shares held by each, and records of its assets, liabilities, receipts, disbursements, gains, losses, capital and surplus; and (2) separate records of all trust funds held by it. Whenever membership is terminated, this fact shall be recorded in the share or membership record together with the date on which the membership ceased, and transfers of shares shall similarly be recorded.
>
> B. The records listed in subsection A of this section may be in written form or in any other form capable of being converted into written form within a reasonable time.
>
> C. Every shareholder and voting member may examine in person, or by agent or attorney, at any reasonable time, the records of the corporation listed in subsection A of this section.

8

letters from EPOA referencing that property owners may come to the office to review EPOA meeting minutes and EPOA bank statements and cancelled checks.

We further find that the plaintiffs alleged their violation of La. R.S. 12:223 claims in a conclusory manner. Therefore, we find that the trial court was legally correct in sustaining EPOA's exception of no cause of action as to the plaintiffs' claims for violation of La. R.S. 12:223 and EPOA's bylaws. However, we reverse the trial court's dismissal of these claims because the plaintiffs should be granted leave to file an amended petition to cure the grounds for EPOA's exception pursuant to La. C.C.P. art. 934.[3] As such, we remand this matter in part, for the trial court to allow the plaintiffs to amend their claims for violation of La. R.S. 12:223 and EPOA's bylaws.

### Trial Court's Ruling on Penalty Claim Under La. R.S. 12:264

Next, plaintiffs argue that the trial court erred in sustaining EPOA's exception of no cause of action and dismissing their bad faith claims under La. R.S. 12:264. The plaintiffs further argue that the trial court erred by dismissing their bad faith claims outright instead of looking at the legal sufficiency of the petition.

We disagree. At the March 18, 2024 hearing, the trial court provided that the bad faith claims for damages that stem from La. R.S. 12:223 were dismissed because it appeared on the face of the plaintiffs' pleadings that EPOA complied with La. R.S. 12:223 with in respect to certain items.

---

[3] Louisiana Code of Civil Procedure article 934 provides in pertinent part "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court."

La. R.S. 12:264(A) provides in relevant part that "[i]f any corporation, or officer, director or agent of a corporation, should violate any of the provisions . . . of R.S. 12:223, it or he shall be fined not more than one hundred dollars for each violation . . ." "Any corporation, or any officer or agent thereof, which or who shall in bad faith refuse to permit the exercise of inspection rights pursuant to R.S. 12:223(C), shall be liable to the member or members seeking to exercise such rights to the extent of the costs and expenses of any proceeding necessary to enforce such inspection rights, and for any other damages actually sustained by such member or members." La. R.S. 12:264(B).

The plaintiffs alleged in their petition that "[i]f the EPOA is truly impeding Plaintiffs' being able to inspect their records, then there are penalties which should be imposed, as stated in La. R.S. 12:264(B)." As a result of finding that the plaintiffs' petition did not contain well-pleaded allegations of violations of La. R.S. 12:223, we do not find that the trial court erred in sustaining EPOA's exception of no cause of action as to the plaintiffs' bad faith claims under La. R.S. 12:264. However, in light of reversing the trial court's dismissal of plaintiffs' claims under La. R.S. 12:223 and granting leave to file an amended petition to cure the grounds for the exception, we also reverse the dismissal of plaintiffs' claims under La. R.S. 12:264 and grant leave for the amendment of the petition as it relates to this claim.

### WRIT OF MANDAMUS AND CIVIL PENALTIES

Lastly, we address the trial court's deferring of its ruling on the plaintiffs' claim for attorney's fees and costs under La. R.S. 44:35 and the trial court's refusal to allow witness testimony.

The plaintiffs argue that the trial court erred in deferring its ruling on attorney's fees when it found that the plaintiffs were entitled to the records from

the ENISD and records related to EPOA's management of the ENISD. The plaintiffs further argue that the trial court erred in refusing to allow the plaintiffs to introduce testimony to correspond to the evidence submitted to show how the custodian arbitrarily and capriciously withheld the requested records.

The Louisiana Public Records Act provides that when "any person" is denied the right "to inspect, copy, reproduce, or obtain" a public record, that person "may institute proceedings for the issuance of a writ of mandamus…" against the custodian of that record. La. R.S. 44:35(A). Moreover, once a requestor prevails in a suit, the statute mandates an award of reasonable attorney fees and other costs of litigation; however, if the requestor prevails in part, the court may in its own discretion award reasonable attorney fees. La. R.S. 44:35(D). "If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request . . . it may award the requestor any actual damages proven . . . [;] if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request . . . it may award the requestor civil penalties . . ." La. R.S. 44:35(E).

First, we note that the trial court denied ENISD's peremptory exceptions of no right of action and no cause of action for lack of timeliness. As such, the plaintiffs' mandamus claims against ENISD proceeded.

As outlined in the Louisiana Public Records Act, remedies are provided to the requestor who has been denied the right to inspect or copy a record. It is undisputed that the defendants did not produce all the records requested by the plaintiffs, as there were outstanding meeting minutes, cancelled checks, and contracts, and ZOOM recordings for the meetings. Moreover, the plaintiffs prevailed in their suit to enforce their request for public records from ENISD.

11

However, the March 18, 2024 hearing transcript reveals that the trial court did not consider the plaintiffs' claim under La. R.S. 44:35. As such, we find that the trial court erred in failing to address the plaintiffs' claim and we remand this matter to the trial court for proper evidentiary consideration.

## CONCLUSION

For the foregoing reasons, we affirm the May 31, 2024 judgment insofar as it denied ENISD's exceptions of no right of action, no cause of action, and nonjoinder of a party. We reverse the portion of the judgment dismissing the plaintiffs' claims against EPOA under La. R.S. 12:223 the bylaws of EPOA, and La. R.S. 12:264 with prejudice and remand this matter in part for further proceedings, with instructions to the trial court to allow the plaintiffs an opportunity to amend their petition pursuant to La. C.C.P. art. 934. We further remand this matter to the trial court for consideration of the plaintiffs' claims under La. R.S. 44:35.

**AFFIRMED IN PART; REVERSED IN PART, REMANDED**