ROLAND L. BELSOME, Judge.
| -¡This appeal is taken from a trial court judgment rendered in favor of Mansour Kavin Zahiri. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Appellant, Amare Gebre (“Mr. Gebre”)[1] is the owner of real property and improvements (the “Property”) at 1544 Gentilly Boulevard in New Orleans, Louisiana. In 2012, Hurricane Isaac damaged the Property and the City of New Orleans (the “City”) determined the Property was in imminent danger of collapse and thereafter demolished the existing structure.[2]
*793 By contract dated February 17, 2013 Appellee, Randa Construction, L.L.C. (“Randa”), agreed to construct a new building on the Property for the sum of $130,000. The contract called for periodic payments based on percentage of completion. Ultimately, Mr. Gebre withheld a final payment of $13,000 from Randa, a fact which Mr. Gebre readily admits. On June 5, 2014, Randa filed suit to | aenforce final payment on the building contract alleging that all work required under the contract was completed. Additionally, Randa sought an additional $6,000 for work done at the request of Mr. Gebre, which fell outside the scope of the contract.
Shortly .thereafter, on July 2, 2015, Mr. Gebre answered and .reconvened for damages alleging that Randa failed to.follow the architect’s.plans and specifications and that the work was done poorly and incompletely. Mr. Gebre alleged that, as a result of these failures, he is unable to obtain a final inspection permit from the City and that his property remains out of commerce. Accordingly, Mr. Gebre sought the cancellation of a lien filed by Randa, damages for Randa’s poor and incomplete work, and lost rents.
Prior to trial, Mr. Gebre filed a Motion for Summary Judgment which was denied by the district court. Mr. Gebre then filed a Motion in Limine to preclude Mansour Ravin Zahiri (“Mr. Zahiri”), owner of Ran-da, from testifying as his own expert on the ground of lack of reliability.[3] The motion to prevent Mr. Zahiri from testifying as an expert was denied, and the matter was tried on February 11-12, 2015, and taken under advisement. On September 22, 2015, a Judgment and Reasons for Judgment were issued in favor of Randa in the amount of $13,000, thereby dismissing Mr. Gebre’,s reconventional demand. for damages. It; is this Judgment from which Mr. Gebre appeals.

m\¡fiSSIGNMENTS OF ERROR 
[4]

1. The district court erred in finding ■ that Randa carried the applicable burden-of proof in its contract enforcement claim, and in determining that Mr. Gebre 'failed to meet the burden in his reconventional demand for damages.
-2. The district’court abused its discretion and committed reversible error in overruling Mr. Gebre’s Motion in Limine to strike Mr. Zahiri from testifying as an expert, thereby permitting Mr. Zahiri to offer his own expert testimony. ■ .

STANDARD OF REVIEW

In Rosell v. ESCO, 549 So,2d 840 (La.1989), the Louisiana Supreme Court discussed the well settled rule that an appellate court may. only set aside a factual finding of a trial court where .the finding was based on a “manifest error” or was “clearly wrong.” Where there is conflict in the testimony, a trial court’s reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Id. at 844. Thus, where there are two permissible views of the evidence, the trial court’s choice between them cannot be manifestly erroneous or clearly wrong. Id. Further, if a trial court has *794 based its findings of fact on a determination regarding the credibility of the witnesses, the manifest error standard of review requires even more deference to the findings of the trier of fact, due to the fact finder’s unique position to discern variations in the witnesses’ demeanor and tone of voice. Id.
| ¿However, where the decision of the trial court is based on an erroneous application of law rather than a valid exercise of discretion, the trial court’s decision is not entitled to deference from the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-72 (La.1983). In this situation, reviewing courts should apply a de novo standard of review. Kevin Associates, L.L.C. v. Crawford, 2003-0211, p. 15 (La.1/30/04), 865 So.2d 34, 43.

DISCUSSSION

Assignment of Error 1

Mr. Gebre first asserts that the district court erred in determining that Kanda met the burden of proof applicable in contract enforcement proceedings and, in turn, in determining that Mr. Gebre did not meet his burden in his reconventional demand for damages. It is not refuted that Mr. Gebre has not paid the final $13,000 owed under the contract; however, the parties differ as to whether all work required under the contract was completed according to the specifications.
Notably, there is a dispute as to whether some of the documents submitted to the City prior to the demolition of the previous structure on the property were confused with documents submitted for the new construction over which the parties had contracted. Based on the testimony elicited at trial regarding the plans, the trial court determined that the parties were operating under a “revised” plan and specifications, which replaced the original plan contained in the contract.[5]
[BThe heart of the testimony elicited at trial was that of the parties’ experts, whose opinions conflicted regarding the sufficiency of Kanda’s work. This Court has recognized that it is the responsibility of the trier of fact to determine which evidence is most credible when testimony of expert witnesses differs. Schlesinger v. Herzog, 1995-1127, p. 12 (La.App. 4 Cir. 4/3/96), 672 So.2d 701, 710. Tommie Johnson (“Mr. Johnson”), Mr. Gebre’s construction expert, testified that there were twenty-seven discrepancies between the plans and what was actually built by Kanda. However, as noted by the trial court in its reasons for judgment, Mr. Johnson admitted on cross-examination that he had never seen the “revised” plans, nor had he been informed about any oral changes to the plans. After comparing the discrepancies with the “revised” plans, Mr. Johnson conceded that many of the discrepancies on his list could be explained by the revisions. Accordingly, the weight of Mr. Johnson’s testimony as a whole did not fully dispute Mr. Zahiri’s assertions.
On the other hand, the trial court credited Mr. Zahiri’s testimony concerning numerous oral change orders that accounted for the deficiencies complained of by Mr. Gebre.[6] For example, Mr. Gebre complains, inter alia, that Kanda failed to install the appropriate number of windows, incorrectly located doors, and failed to install walls called for in the plans. The record reflects that these departures from the architectural plans were by agreement *795 of the parties due to Mr. Gebre’s desire to create more floor space and shelving in the store.
| (¡Additionally, Mr. Gebre conceded that it was contractually his responsibility to purchase various pieces of equipment, i.e. the handicap lift and kitchen appliances. Mr. Gebre avers that the kitchen door was left uninstalled, but the court attributed this discrepancy to Mr. Gebre’s failure to acquire and put into place the kitchen appliances. There were also issues with obtaining a final inspection and the Certificate of Occupancy necessary for the building to have been “keys in condition” as provided in the contract. Howeyer, witness testimony by an employee of the City of New Orleans, Safety and Permits Department indicated that neither a final inspection nor a Certificate of Occupancy would have been issued without handicap access or the kitchen equipment installed, both of which were admittedly Mr. Gebre’s responsibility. As we have noted, the trier of fact has great discretion to accept or reject expert or My opinions, and may evaluate expert testimony by the same principles that apply to other witnesses. Lopez v. Wal-Mart Stores, Inc., 1994-2059, p. 6 (La.App. 4 Cir. 8/13/97), 700 So.2d 215, 219. By that standard, nothing in the record casts doubt on the trial court’s acceptance of Mr. Zahiri’s testimony concerning the change orders or any other discrepancies.
Finally, Mr. Gebre claims that the l',350 square feet contracted for was to be measured on the interior of the building and, as constructed, the interior floor space only measures a little over 1,100 square feet. However, there was no testimony to dispute that of Mr. Zahiri that the contract or the “revised” plans called for “about 1,350” square feet in “total area;” in fact, the concrete slab which |7was constructed measured 1,344 square feet. While uncontradicted testimony is not binding on the fact finder, it should be accepted as true in absence of evidence in the record that casts suspicion on its reliability. Mathews v. Dousay, 1996-858, p. 9 (La.App. 3 Cir. 1/15/97), 689 So.2d 503, 510. The court determined that Mr. Zahi-ri’s testimony regarding the square footage was credible. Mr. Gebre complains on appeal that the term square footage is a term of art that describes the interior floor space of a building; however, no testimony in the’ record before us indicates that the plans actually specified 1,350 square feet of interior floor space. Instead, the contract provided for and the “revised” drawings show the dimensions of the foundation as equal to 1,344 square feet, and.this is what Kanda constructed.
Due to the deference afforded the trial court in making credibility determinations in eases with conflicting testimony, we cannot find anything in this record that would demonstrate manifest error in the' trial court’s factual determinations. Therefore, we find that Kanda met its burden of proving its entitlement to enforcement of the contract at issue, and Mr. Gebre failed to carry his on the reconventional demand for damages.

Assignment of. Error 2

Secondly, Mr. Gebre argues that the district court erred in overruling his Motion in Limine to prevent Mr. Zahiri from testifying as his own expert witness. In that motion, Mr. Gebre asserted that Mr. Zahiri’s testimony did not meet the reliability threshold required, for all expert testimony. The trial court qualified Mr. Zahiri as an expert in construction. Louisiana Code of Evidence article 702 lays the foundation for expert testimony in Louisiana, and provides:
|SA witness who is qualified as an expert by knowledge, skill, experience, *796 training, or education may testify in the form of an opinion or otherwise if:
• 1. The expert/s scientific, technical, or other specialized ■ knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
2. The testimony is based on sufficient facts or data;
3. The testimony is the product of reliable principles and methods; and
4. The expert has reliably applied the principles and methods to the facts of the case.
La. C.E. art. 702.
Comments to the article clarify that the test for admissibility of expert testimony turns upon whether the particular specialized knowledge would assist the trier of fact to understand the evidence or to determine a fact at issue. La. C.E. art. 702 comments (a) and. (c). Further, broad discretion should be accorded the trial judge in his determination as to whether expert testimony should be held admissible and who should or should not be permitted to testify as an expert. La. C.E. art. 702 comment (d). A trial court’s judgment with respect to such matters should not be disturbed on appeal unless manifestly erroneous. Oddo v. Asbestos Corp. Ltd., 2014-0004, 24-25 (La.App. 4 Cir. 8/20/15), 173 So.3d 1192, 1210, writ denied, 2015-1712 (La.11/6/15), 180 So.3d 308.
Here, Mr. Zahiri testified to his education and experience. He testified that he has obtained degrees in architecture, civil engineering, and structural engineering. Further, he has been in the construction business for twenty-four years, during which time he has worked on numerous commercial and residential buildings, including new constructions. Mr. Ge-bre’s counsel elected not to cross-examine Mr. Zahiri after he was- tendered as an expert witness in construction. Instead, Mr. Gebre’s counsel relied, on the objection he set forth in his Motion in Limine, in which he cited Daubert v. Merrell Dow Pharmaceuticals, Inc., for the | ^proposition that district courts must perform a “gatekeeping” function to “ensure that any , and all scientific testimony or evidence admitted is not only relevant, but reliable.” 509 U.S. 579, 589, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469,(1993). However, as this court has recognized, the Daubert factors neither necessarily or exclusively apply to all experts in every case. State v. Bernard, 2014-0580, pp. 14-15 (La.App. 4 Cir. 6/3/15), 171 So.3d 1063, 1074 (citing Daubert, 509 U.S. at 592-94, 113 S.Ct. at 2796-97). Generally, the test for determining an expert’s competency is the expert’s knowledge of the subject about which he is called upon to express an opinion. State v. Ferguson, 2009-1422, p. 25 (La.App. 4 Cir. 12/15/10), 54 So.3d 152, 166. “A combination of specialized training, work experience and practical application of the expert’s knowledge can combine to demonstrate that a person is an expert.” Id. (quoting State v. Gipson, 37, 132, p. 16 (La.App. 2 Cir. 6/25/03), 850 So.2d 973, 982).
Considering the broad discretion that must be afforded to the trial court in matters such as this, there is nothing in the record before us indicating that the court was manifestly erroneous in qualifying Mr. Zahiri as an expert in construction, Mr. Zahiri testified to his education and experience, and this testimony was unopposed by Mr. Gebre’s counsel. Accordingly, the trial court did not err in allowing Mr. Zahiri to testify as his own expert in the field of construction.

CONCLUSION

For the reasons above, we affirm the judgment in favor of Kanda as original *797 plaintiff'in this matter and as defendant in reconvention.
AFFIRMED

. The record reflects an inconsistency as to the appellant’s name. We hereinafter refer to him as "Amare Gebre” or "Mr. Gebre” because it is reflected this way in the original petition and answer. However, at various times in the record, his name is reflected as "Gebre Amare.”

. Mr. Gebre has filed a wrongful demolition claim against the City under case and caption number Gebre v. City of New Orleans, CDC *793 No. 2014-54 "G.” At the time of briefing in the instant case, that matter remained pending in the district court.

. The motion also sought successfully to strike an "expert report” authored by Mr. Zahiri.

. Mr. Gebre asserts numerous assignments of error that cán be summarized under the following two categories.

. The impetus behind the revisions was the replacing of a handicap ramp called for in the original plans, with a handicap lift, in order to maximize store space.

. Nothing in the contract mandated oral change orders to be in writing.