ELLIS, Judge.
This is a suit by Gerhart Moore for benefits allegedly due him under a group accidental death and dismemberment policy written by defendant Prudential Insurance Company of America. After suit was filed, Prudential filed a motion for summary judgment, alleging that there were no issues of material fact and that it was entitled to judgment as a matter of law. Attached to the motion were the depositions of plaintiff and of his treating physician, Dr. F. C. McMains. The motion was sustained in the trial court and plaintiff appealed the judgment dismissing his suit to this Court. We affirmed. See Moore v. Prudential Insurance Company, 263 So.2d 456 (La.App. 1 Cir. 1972).
Writs were granted by the Supreme Court, which reversed and set aside the judgments in this court and the court below, and remanded the case to the trial court for further proceedings. See Moore v. Prudential Insurance Company of America, 278 So.2d 481 (La.1973).
In the trial court, plaintiff then filed a motion for summary judgment, based on the same depositions relied on by Prudential and on the ruling of the Supreme Court. Prudential opposed the granting of the motion and filed an affidavit by Dr. Moss Bannerman in support of its position that there were genuine issues of fact to be tried and that the outcome of the case depended upon opinion evidence, making the summary judgment procedure inappropriate.
*383 After hearing the motion, the trial court found the affidavit of Dr. Bannerman to be inadmissible, and rendered summary' judgment for plaintiff for $4,500.00, the full amount due under the policy. The judgment further denied plaintiff’s demand for penalties and attorney’s fees. From that judgment, Prudential has appealed and plaintiff has answered the appeal, asking for penalties and attorney’s fees and for damages for a frivolous appeal.
The facts of this case have been fully analyzed and discussed in the two previous appellate decisions herein, cited supra. For purposes of this opinion, we need only summarize them briefly. Plaintiff broke his right leg and developed osteomyelitis as a result. It took the leg five years to heal. He broke it again, in the same place, in 1962, and, because of the osteomyelitis, once again underwent a five year convalescence. The right leg, as a result, was five inches shorter than the left.
In 1969, plaintiff accidentally broke his right leg for the third time, and his right leg was subsequently amputated above the knee. It is for the loss of the right leg that this suit was filed.
The policy written by defendant insured plaintiff against “loss of life, sight or limb as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means . . .” The policy excluded coverage for loss caused “directly or indirectly, by.disease or bodily .... infirmity, or medical or surgical treatment thereof. . . .”
In its opinion in this case, the Supreme Court said:
“As a general rule, it has been stated that if there is a preexisting disorder or illness at the time an injury is received, recovery may still be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate cause or principal cause of the disability. 1A Appleman, Insurance Law' and Practice, § 403 (rev. ed. 1941).
“In Thibodeaux v. Pacific Mutual Life Insurance Co., 237 La. 722, 112 So.2d 423 (1959), where the injury was found to be caused by accidental means and this occurrence awakened a pre-existing congenital condition or infirmity, recovery was granted. There we approved this statement of the law:
“ ‘We think that, if the accident is a proximate cause of the death (or disability) and sets in motion or starts a latent or dormant disease, and such disease merely contributes to the death (or dismemberment) after being so precipitated by the accident, it (the disease) is not a proximate cause of the death (or dismemberment) nor a contributing cause within the meaning of the terms of the policy.’
“We reaffirm the rule of law applied in the Thibodeaux Case, and, find it applicable to the facts at bar. Here the disease of osteomyelitis had become dormant. In Dr. McMains’ opinion it may never have flared up again in plaintiff’s lifetime, except for the probability that a flare-up would be produced by the third fracture. This probability that the infection would flare up presented such a disheartening prospect of pain and suffering to the patient if another union were attempted, the doctor decided on the amputation. These circumstances, in our view, make the fracture, not the dormant osteomyelitis, the proximate cause of the amputation. The accident was the prime moving cause.
“This is a case where the disease was a latent one, which might never have caused loss without the occurrence of the accident. Under these circumstances the accident is the predominant, moving, proximate cause and the requirements of the policy that the accident be ‘effected solely through .... accidental means’ is satisfied.”
*384 Defendant’s position in this court is summarized in its brief as follows:
“In opposition to plaintiff’s Motion for Summary Judgment, defendant offered Dr. Bannerman’s affidavit in which Dr. Bannerman found that the pre-existing condition of plaintiff’s leg (the fact that it was weak, short, sclerotic, diseased, and, although still attached to plaintiff’s body, was considered of no value to plaintiff and in fact a hazard at all times) and not the osteomyelitis, which had not been activated, was the infirmity involved in this case and that the pre-ex-isting condition, and not the accident, was what made the amputation desirable.”
We agree with the trial judge that consideration of Dr. Bannerman’s affidavit would not alter the result in this case. However, we further find that it was properly excluded. It is offered by defendant to contradict matters which it has previously alleged are undisputed. We do not believe the law countenances such a procedure. See Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542, 546 (1970).
In addition, the affidavit offers opinion evidence as to the proximate cause of the amputation. Proximate causation is a legal, not medical, question, which has already been settled in this case by a judgment of the Supreme Court. The affidavit is incompetent on that ground as well.
The trial judge properly concluded that the opinion of the Supreme Court herein compelled him to render judgment for plaintiff.
We are unable to consider plaintiff’s prayer for penalties and attorney’s fees contained in his answer. The trial judge, in effect, denied plaintiff’s motion for summary judgment to that extent. Under Article 968 of the Code of Civil Procedure, an appeal does not lie from a refusal to render any summary judgment. Article 1915 of the Code of Civil Procedure permits a partial judgment to be rendered, and provides that the trial court retains jurisdiction to adjudicate such issues as have not been disposed of thereby. We are therefore without authority to consider this issue.
Plaintiff’s prayer for damages for a frivolous appeal is likewise without merit. Such damages are awarded only when “it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.” Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634, 636 (1965). Neither of these circumstances have been shown to exist in this case.
The judgment appealed from is therefore affirmed, insofar as this court has jurisdiction, at defendant’s cost. Plaintiff’s request for damages for frivolous appeal is denied.
Affirmed.