# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1251

**L. NEIL CONRAD, JR., INDIVIDUALLY AND AS TRUSTEE OF THE AMELIA STOUT BEARD ESTATE TRUST**
**VERSUS**
**McGOWAN WORKING PARTNERS, INC.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2007-131
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
## MICHAEL G. SULLIVAN
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Michael G. Sullivan, Billy H. Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED.**

Robert L. Cabes
Milling, Benson, et al.
Post Office Box 51327
Lafayette, LA 70505-1327
(337) 232-3929
COUNSEL FOR DEFENDANT/APPELLEE:
    McGowan Working Partners, Inc.

Kenneth O'Neil Privat
Attorney at Law
Post Office Drawer 449
Crowley, LA 70527-0449
(337) 783-7141
COUNSEL FOR PLAINTIFF/APPELLANT:
    L. Neil Conrad, Jr., etc.

SULLIVAN, Judge.

This court, *ex proprio motu*, issued a rule for the plaintiff-appellant, L. Neil Conrad, Jr., individually and as Trustee of the Amelia Stout Beard Trust, to show cause, by brief only, why the appeal in this matter should not be dismissed for having been taken from a partial judgment which has not been designated as final and appealable pursuant to La.Code Civ.P. art. 1915(B). The appellant filed a brief in response to this court's rule. Finding that this appeal has been taken from a judgment that requires a designation pursuant to Article 1915(B) and that no such designation appears of record, we dismiss this appeal.

The plaintiff filed this suit seeking various relief arising out of a mineral lease, including a demand for attorney fees. In the course of this litigation, the defendant-appellee, McGowan Working Partners, Inc., filed a motion for summary judgment. Following a contradictory hearing on this motion, the trial court signed a judgment which states:

> IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is GRANTED, that the Plaintiff's suit is dismissed, and Plaintiff be awarded reasonable attorney fees and costs. Plaintiff is ordered to submit to the Defendant, for its review and agreement, Plaintiff's proposed attorney fees and costs. If the Plaintiff and Defendant cannot agree on reasonable attorney fees and costs, the court will entertain additional proceedings to determine such.

The plaintiff filed an appeal from the above judgment. Upon the lodging of the record in this appeal, this court issued the subject rule for the plaintiff to show cause why this appeal should not be dismissed as having been taken from a partial judgment which has not been designated as immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

1

In responding to this court's rule, the plaintiff cites this court to *Moore v. Prudential Ins. Co. of Am.*, 302 So.2d 381 (La.App. 1 Cir. 1974). In reviewing a grant of summary judgment finding insurance coverage in the full amount of the policy at issue in that case, the first circuit also stated:

> We are unable to consider plaintiff's prayer for penalties and attorney's fees contained in his answer. The trial judge, in effect, denied plaintiff's motion for summary judgment to that extent. Under Article 968 of the Code of Civil Procedure, an appeal does not lie from a refusal to render any summary judgment. Article 1915 of the Code of Civil Procedure permits a partial judgment to be rendered, and provides that the trial court retains jurisdiction to adjudicate such issues as have not been disposed of thereby. We are therefore without authority to consider this issue.

302 So.2d at 384.

Initially, this court would point out that La.Code Civ.P. art. 1915 has undergone significant revision since the opinion was rendered in *Moore*, and in particular, that statute now requires a certification of a partial judgment which does not fall within the purview of paragraph A of that statute. Thus, the version of Article 1915 applicable to the instant case reads, in pertinent part:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
>
> (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
>
> (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
>
> (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

2

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

We find that the judgment rendered in the instant case does not fall within any of the provisions in La.Code Civ.P. art. 1915(A). Since the judgment awards the plaintiff attorney fees but does not set the amount of those fees, we find that the trial court's ruling is a partial judgment which falls under the provisions of La.Code Civ.P. art. 1915(B). We further distinguish the holding in *Moore*, 302 So.2d 381, by the fact that in that case, the trial court's judgment had denied attorney fees to the party appealing. In the instant case, the trial court has entered judgment awarding the plaintiff attorney fees; the only issue left in the judgment besides the assessment of court costs was the amount for the attorney fee award.

Further elaborating on this court's reasoning, we would note that permitting this appeal to proceed at this time could result in a piecemeal appeal of this litigation. In the brief filed in this court in response to the rule to show

3

cause, the plaintiff stated that subsequent to entry of the judgment appealed, the parties have been unsuccessful in establishing the dollar figure to be assigned the attorney fee award. Therefore, this issue must be presented to the trial court. If the plaintiff or defendant is not satisfied with the amount of the attorney fee award, either party or both could seek review from this court of that ruling. Moreover, we note that the attorney fee award was an element of the damage claim raised in the plaintiff's petition in this case. Thus, on the facts of the instant case, we find that in order for this appeal to be permitted, the judgment at issue would have had to have been designated as final and appealable after an express determination that there was no just reason for delay an immediate appeal herein. In the absence of this designation, we find that this appeal was filed prematurely and must be dismissed at this time at plaintiff's cost.

**APPEAL DISMISSED.**

4