STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-662


WILLIE BROWN, JR.

VERSUS

BREAUX BRIDGE VENTURES, LLC



**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 81561
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**




Nelson W. Wagar, III
Sarah H. Hickman
Wagar Richard Kutcher Tygier & Luminais, LLP
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, LA 70002
(504) 830-3838
COUNSEL FOR DEFENDANT/APPELLANT:
    Breaux Bridge Ventures, LLC d/b/a Silver's Casino

**R. Scott Iles**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Willie Brown, Jr.**

**PETERS, J.**

The defendant, Breaux Bridge Ventures, LLC, d/b/a Silver's Casino, appeals the trial court's grant of a judgment notwithstanding the verdict and an award of $250,000.00 in future general damages to the plaintiff, Willie Brown, Jr., for injuries he sustained after tripping and falling on the defendant's premises. We cannot consider this appeal because we lack jurisdiction to hear the appeal based on the fact that there exists no valid final judgment to review. Therefore, we dismiss the appeal without prejudice and remand the matter to the trial court for the rendering of a valid judgment to which the litigants may file appropriate subsequent pleadings.

## DISCUSSION OF THE RECORD

Breaux Bridge Ventures, LLC (Breaux Bridge Ventures) operates a business known as Silver's Casino (casino) in Breaux Bridge, Louisiana, and this litigation arises from an October 13, 2013 accident wherein Mr. Brown tripped over the edge of a sidewalk while entering the casino. In doing so, he fell to the concrete surface hitting his head, left shoulder, and right knee.[1]

Between October of 2013 and April of 2014, Dr. Matthew Abraham, a Lafayette, Louisiana family practitioner, treated Mr. Brown for his injuries. When diagnostic test results suggested the need for an orthopedic evaluation and treatment, Dr. Abraham referred Mr. Brown to Dr. Louis Blanda, a Lafayette, Louisiana orthopedic surgeon. Dr. Blanda treated Mr. Brown from April of 2014, through the beginning of trial of this matter in September of 2015. Based on his evaluation and treatment, Dr. Blanda recommended that Mr. Brown undergo a C4-

---

[1] The factual background concerning the accident is somewhat complicated and involves a power outage at the casino, which caused the evacuation of the casino. Mr. Brown sustained his injury when he was returning to the casino at the instruction of a security guard. However, fault is not at issue in this appeal, and a basic summary of the accident background is sufficient to address the quantum issue raised on appeal.

5 and C5-6 anterior cervical discectomy and fusion with plate and graft and a carpal tunnel release. He suggested that the cervical disc condition was the more pressing problem and estimated that the surgery would cost $85,000.00.

Dr. Neil Romero, a Lafayette, Louisiana orthopedic surgeon, saw Mr. Brown on one occasion at the request of Breaux Bridge Ventures, and based on his examination, concluded that Mr. Brown's shoulder, rather than his neck, was more probably the source of his pain. He recommended that before proceeding to surgery, Mr. Brown's shoulder should be injected to see if that treatment provided him any relief. He estimated the cost of the injection to be $1,000.00.

Mr. Brown brought suit against Breaux Bridge Ventures to recover the damages he sustained in the accident, and the matter ultimately proceeded to a trial by jury. During the three-day jury trial beginning on September 28, 2015, the litigants stipulated that Mr. Brown's past medical expenses totaled $16,525.66. In its verdict, the jury concluded that Mr. Brown did sustain compensable injuries in his accident of October 13, 2013, but assessed him with forty-five percent of the fault in causing the accident and his resultant injuries; and assessed the remaining fifty-five percent to Breaux Bridge Ventures. The jury then considered the damage issues and returned a verdict finding that Mr. Brown sustained the following additional special and general damages as a result of the accident:

| | |
|---|---|
| FUTURE MEDICAL EXPENSES | $ 86,000.00 |
| PAST AND FUTURE<br>Physical and mental pain and<br>suffering and physical impairment | $ 25,000.00 |
| PAST AND FUTURE<br>Loss of Enjoyment of Life | $ 25,000.00 |

2

The reduction of the total damage calculation of $152,525.66[2] by Mr. Brown's percentage of fault resulted in a net verdict in his favor of $83,889.11.

The December 28, 2015 judgment executed by the trial court did not follow the form or substance of the jury verdict with regard to the general damage awards.[3] Instead, the judgment listed the damages as follows:

| | |
|---|---|
| Past (stipulated) medical expenses | $16,525.66 |
| Future medical expenses | $86,000.00 |
| *Past and present general damages* | $25,000.00 |
| *Future general damages* | $25,000.00 |

(Emphasis added.)

Thus, the trial court judgment changed the substance of the jury award on general damages by changing the award categories and allotting one-half of the award to past and present general damages and one-half to future general damages. Unfortunately, this change in the jury verdict found its way into the trial court's analysis of Mr. Brown's subsequent motion for judgment notwithstanding the verdict (JNOV) as well.

After the trial court executed the December 28, 2015 judgment, Mr. Brown moved for a JNOV, or in the alternative, for a new trial. His JNOV referenced the specifics of the trial court judgment and not the jury verdict by seeking an increase in the judgment's past and present damage award from $25,000.00 to $350,000.00, and an increase in the judgment's future general damage award from $25,000.00 to $100,000.00.[4] Additionally, he sought a reduction of the jury's fault determination

---

[2] This total included the stipulated amount for past medical expenses.

[3] The judgment itself contains no evidence that either litigant approved it as to form.

[4] Mr. Brown restated these same amounts in his memorandum in support of his motions. Breaux Bridge Ventures' memorandum in opposition to the motions simply stated that the amounts should not be increased.

3

attributed to him and an increase in the percentage of fault assigned to Breaux Bridge Ventures.

Following argument at a March 4, 2016 hearing on these post-judgment motions, the trial court rejected Mr. Brown's motion for a new trial as well as that portion of his JNOV addressing the percentage of fault assigned by the jury. After noting that it was "impressed with the jury's ability to assign comparative fault[,]" the trial court stated the following with regard to the quantum issue:

> I don't understand them seeing the need for $85,000 in future medical expenses. That's the cost of the future surgery. And I understand your argument, well, they probably thought since fifteen months had passed, he never had the surgery, he's probably just going to pocket the money, okay? If that's what they were thinking, then that's wrong. If he has a need for a surgery – some people delay – then he's going to have the surgery. And if he's going to have the surgery, then he's going to have to – you know, there's some damages that are associated with it, and they've assigned it. It's only $25,000 and that's way low. I think I'm duty-bound to raise that to $250,000.00. And so I'm granting your judgment notwithstanding the verdict in that way.

The trial court executed a judgment on March 21, 2016, conforming to its ruling on the post-trial motions. That judgment read in pertinent part as follows:

> **IT IS ORDERED, ADJDUGED AND DECREED** that the Motion for New Trial is **DENIED.**
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiffs [sic] Motion for JNOV regarding assessment of comparative fault is **DENIED** for reasons orally assigned at the hearing.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff's Motion for JNOV *regarding the award of general future damages* is **GRANTED** and the jury award to the plaintiff of $25,000.00 is increased to $250,000.00.
>
> **IT IS FINALLY ORDERED AND DECREED** that all costs of these proceedings are assessed against the defendant.

(Emphasis added.)

4

The language of this judgment leaves no question but that the trial court's judgment had the effect of increasing the future general damage award recorded in its December 28, 2015 judgment to $250,000.00. However, the judgment left unanswered any question concerning the status of the request for an increase in the past and present general damage award.[5]

The March 21, 2016 judgment represents the judgment from which Breaux Bridge Ventures seeks relief on appeal. In its only assignment of error, Breaux Bridge Ventures assert that the trial court erred in granting the JNOV and awarding additional future general damages to Mr. Brown. Although Mr. Brown did not appeal nor answer the appeal of Breaux Bridge Ventures, his brief to this court repeats the position of his JNOV – that he is entitled to an increase of the past and present general damage award to $350,000.00 and an increase in the future general damage award to $100,000.00.[6]

## OPINION

We are unable to reach the merits of Breaux Bridge Venture's appeal before us because, on our own motion, we notice at the outset that this court lacks the jurisdiction to hear that appeal. This is because whether a jury returns a special verdict or general verdict accompanied by interrogatories, the judgment must correspond to the verdict of the jury. *See* La.Code Civ.P. arts. 1812(D) and 1813(C). Additionally, La.Code Civ.P. art. 1916(A) provides, in pertinent part, that "[a]fter a trial by jury, the court *shall* prepare and sign a judgment in accordance with the verdict of the jury[.]" (Emphasis added.)

---

[5] The judgment contains no evidence that either litigant approved it as to form.

[6] Neither Breaux Bridge Ventures nor Mr. Brown mention the fact that the trial court awarded Mr. Brown $150,000.00 more in future general damages than he requested in his JNOV.

The trial court executed the December 28, 2015 judgment on the erroneous conclusion that the jury had rendered a verdict setting Mr. Brown's past and present general damages at $25,000.00 and setting his future general damages at $25,000.00. This clearly was not the case, and the judgment rendered is invalid on its face. As stated in *Input/Output Marine Systems, Inc. v. Wilson Greatbach, Technologies, Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915, "'[a] judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.' La.C.C.P. art. 1841. This court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment." *See also Ardoin v. Hartford Accident & Indem. Co.*, 350 So.2d 205 (La.App. 3 Cir. 1977), *rev'd in part on other grounds*, 360 So.2d 1331 (La.1978).

## DISPOSITION

For the foregoing reasons, we dismiss the appeal filed by Breaux Bridge Venture, LLC, d/b/a Silver's Casino, without prejudice to the appellant, and remand this matter with instructions to the trial court to execute a judgment corresponding to the jury verdict rendered in this matter. We assess the costs of this appeal equally between Breaux Bridge Ventures, LLC, d/b/a Silver's Casino and Willie Brown, Jr.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**