# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-412


NOLTON DALCOURT

VERSUS

THOMAS MOYER, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 83622
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Marc T. Amy, Judges.


**APPEAL DISMISSED. REMANDED.**

**Mark M. Bonura**
**7733 Maple Street**
**New Orleans, LA 70118**
**(504) 598-3018**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Thomas Moyer**
    **Sherry Craig Moyer**

**John W. Tilly**
**Keaty & Tilly, LLC**
**2701 Johnston Street, Suite 303**
**Lafayette, LA 70503**
**(337) 347-8995**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Nolton Dalcourt**

**AMY, Judge.**

This matter involves a failed purchase agreement for the sale of a residence. The seller and the buyers each sought relief under the terms of the agreement, alleging that the opposing party was responsible for the failure of the transaction. The trial court found numerous deficiencies in the seller's performance, awarding the return of the deposit as well as attorney fees and costs to the buyers. By the resulting judgment, the trial court ordered the buyers to submit an itemization of their attorney fees and costs for review. The trial court further ordered that, in the event the parties cannot agree to the quantum of such an award, the buyers are to file a rule to show cause for such a determination. The seller appeals. Finding that this appeal was not taken from a final appealable judgment, however, we dismiss the appeal and remand for further proceedings.

**Factual and Procedural Background**

By a June 1, 2015 Louisiana Residential Agreement to Buy or Sell, the plaintiff, Nolton Dalcourt, agreed to sell his St. Martin Parish home to the defendants, Thomas Moyer and Sherry Craig.[1] The agreement set forth a $455,000.00 purchase price[2] and required the buyers to provide a $4,000.00 deposit. The parties further agreed to a fourteen-day inspection and due diligence period. They designated a June 30, 2015 closing date.

According to Mr. Moyer's testimony at trial, following the close of the inspection and due diligence period, he began to have concerns regarding the boundary lines of the property. He further became aware of a utility servitude

---

[1] Mr. Moyer testified at trial that he and Ms. Craig have since married. We refer to the buyers as "the Moyers."

[2] As a result of certain deficiencies identified through the general home inspection process, the parties ultimately agreed to a lesser purchase price by addendum.

burdening the property which, he contended, was not previously disclosed. The Moyers thereafter forwarded a June 27, 2015 addendum to Mr. Dalcourt, apprising him that: "Buyer elects to make contract void with return of four thousand ($4,000.00) deposit." The record indicates that Mr. Dalcourt did not sign that addendum and, as evidenced by the present proceeding, the sale was not completed. Upon the parties' competing claims for the deposit, the broker jointly representing the parties in the subject transaction disbursed the deposit to Mr. Dalcourt.

Mr. Dalcourt instituted this matter in January 2016, naming the Moyers as defendants and alleging that they were in default by refusing to purchase the residence. Referencing the purchase agreement's provision for stipulated damages, Mr. Dalcourt asserted that he elected to "terminate the agreement and recover an amount equal to ten (10%) of the Sale Price." He further sought attorney fees and penalties under the terms of the agreement as well as lease payments that he asserted were incurred as a result of the failed agreement.

By their answer, the Moyers denied their liability for the failed transaction. They further alleged that Mr. Dalcourt was in breach of the purchase agreement due to alleged misrepresentations as to the size of the property and purported encroachments. The Moyers further cited difficulties allegedly encountered in the inspection process and in an attempt to have the property surveyed. The Moyers sought judgment in their favor.

Following a trial, the trial court ruled in favor of the Moyers upon a finding of various deficiencies in Mr. Dalcourt's performance. The trial court ordered the return of the deposit to the Moyers and awarded them attorney fees and costs. By the resulting judgment, the trial court ordered the buyers to submit an itemization of their attorney fees and costs for review. The trial court further ordered that, in the event the

parties cannot agree as to the quantum of such an award, the buyers are to file a rule to show cause for such a determination.

Mr. Dalcourt appeals. However, we do not reach the merits of the appeal.[3] We instead find that there is no jurisdictional basis on which to do so.

**Discussion**

*Subject Matter Jurisdiction*

Notably, an appellate court's jurisdiction is not properly invoked absent a valid final judgment. *See* La.Code Civ.P. art. 2083.[4] *See also Brown v. Breaux Bridge Ventures, LLC*, 16-662 (La.App. 3 Cir. 12/7/16), 207 So.3d 1083 (quoting *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Tech., Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909). While the parties have not addressed whether the underlying judgment is final in nature, "it is the duty of a court to examine subject matter jurisdiction *sua sponte*, even when the issue is not raised by the litigants." *Boudreaux v. State, Dep't of Transp. & Dev.*, 01-1329, p. 8 (La. 2/26/02), 815 So.2d 7, 13.

---

[3] Mr. Dalcourt assigned the following as error:

[1.]    The Trial Court erred when it did not apply the clear and unambiguous language of the contract entered into between the parties when it found the Defendants did not breach the contract by terminating the agreement after the deadline to do so had already passed.

[2.]    The Trial Court erred when it found the Plaintiff owed obligations to disclose information and to allow access to the property, when no such language in the contract obligated him to do so.

[4] Titled "Judgments appealable[,]" La.Code Civ.P. art. 2083 provides, in pertinent part, that:

A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

. . . .

C. An interlocutory judgment is appealable only when expressly provided by law.

Louisiana Code of Civil Procedure Article 1841 provides that "[a] judgment that determines the merits in whole or in part is a final judgment."[5] And, La.Code Civ.P. art. 1918 provides that: "A final judgment shall be identified as such by appropriate language." Also, a valid judgment must be precise, definite, and certain. *Input/Output Marine Sys.*, 52 So.3d 909. In the event that a purported final judgment is rendered upon a money demand, as here, the judgment must indicate the amount of recovery with certainty and precision. *Kimsey v. Nat'l Auto. Ins. Co.*, 13-856 (La.App. 3 Cir. 2/12/14), 153 So.3d 1035 (citing *Elston v. Montgomery*, 46,262 (La.App. 2 Cir. 5/18/11), 70 So.3d 824, *writ denied*, 11-1292 (La. 9/23/11), 69 So.3d 1165). "Importantly, if the amount must be determined by a future contingency or ascertained by extrinsic reference (or is otherwise indefinite and uncertain), it is not a proper judgment." *Id*. at 1038.

Reference to the judgment under review indicates that it is lacking the hallmarks of a final judgment. In particular, the final paragraph reflects the indefinite nature of judgment as it provides:

> IT IS ORDERED, ADJUDGED AND DECREED that NOLTON DALCOURT was in default of the Louisiana Real Estate Buy and Sell Agreement signed by Nolton Dalcourt, as Seller, and Thomas Moyer and Sherry Craig, as Buyer, on June 1, 2015.

> IT IS ORDERED, ADJUDGED AND DECREED that THOMAS MOYER AND SHERRY CRAIG MOYER are entitled to their deposit of Four Thousand and no/100 ($4,000.00) Dollars and are awarded the sum of FOUR THOUSAND AND NO/100 ($4,000.00) DOLLARS representing the deposit amount, along with legal interest.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that THOMAS MOYER AND SHERRY CRAIG MOYER are awarded attorney's fees and costs. The Defendants are to submit an itemization of attorney's fees and costs to the Plaintiff and the Court for review. If the

---

[5] Louisiana Code of Civil Procedure Article 1841 further indicates that an interlocutory judgment is one "that does not determine the merits but only preliminary matters in the course of the action[.]"

> parties cannot reach an agreement as to these attorney's fees and costs, then the Defendants are to file a Rule to Show Cause for determination of the amount of attorney's fees and costs.

Thus, by its wording, the judgment is not final. In fact, the judgment not only anticipates a future contingency and extrinsic evidence, it includes an order for such an occurrence. *See*, *e.g., Lobell v. Rosenberg*, 17-0111, p. 5 (La.App. 4 Cir. 10/4/17), 228 So.3d 1241, 1245 (wherein the fourth circuit dismissed an appeal upon recognizing a want of appellate jurisdiction on review of a judgment awarding attorney fees but in which the amount of such fees had "not been adjudicated by the district court" and which "issue between the parties remain[ed] to be resolved."). Accordingly, we find it necessary to dismiss this appeal due to lack of subject matter jurisdiction. We below remand this matter for future proceedings.

Finally, we recognize that an appellate court has discretion to convert an appeal to an application for supervisory writ. *See Stelluto v. Stelluto*, 05-0074 (La. 6/29/05), 914 So.2d 34. In this situation, however, we find that an exercise of such discretion is inappropriate as "an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal." *Kimsey*, 153 So.3d at 1040 (citing *Thomas v. Lafayette Par. Sch. Sys.*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055). Here, the trial court ordered the parties to take further actions. Upon the occurrence of such proceedings, and upon the entry of a precise, definite, and certain judgment, an adequate remedy by appeal will exist at that time. *See also Conrad v. McGowan Working Partners, Inc.*, 08-1251, p. 3 (La.App. 3 Cir. 11/12/08), 997 So.2d 872, 875 (wherein a panel of this court observed that permitting an appeal to proceed on a partial judgment that awarded attorney fees but did not set the amount of those fees constituted "could result in a piecemeal appeal of this litigation.").

5

**DECREE**

For the foregoing reasons, the appeal of the plaintiff/appellant, Nolton Dalcourt, is dismissed. This matter is remanded for further proceedings. Costs of this proceeding are assessed to Mr. Dalcourt.

**APPEAL DISMISSED. REMANDED.**