FORD MOTOR CREDIT COMPANY, LLC

VERSUS

OLETHIA DAVIS

NO. 20-CA-271

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 71,928, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE

March 17, 2021

**PER CURIAM**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, Marc E. Johnson, Robert A. Chaisson,
Stephen J. Windhorst, Hans J. Liljeberg, and John J. Molaison, Jr.

**<u>REMANDED WITH INSTRUCTIONS</u>**

    **MEJ**
    **FHW**
    **JGG**
    **RAC**
    **HJL**

**<u>CONCURS IN PART, DISSENTS IN PART</u>**

    **SMC**
    **SJW**

**<u>CONCURS WITH REASONS</u>**

    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
FORD MOTOR CREDIT COMPANY, LLC
        Scott C. Barney

COUNSEL FOR DEFENDANT/APPELLANT,
OLETHIA DAVIS
        Olethia Davis

# INTERIM PER CURIAM

Defendant, Olethia Davis, appeals the trial court's September 16, 2019 judgment granting the exception of prescription and motion for summary judgment filed by plaintiff, Ford Motor Credit Company, LLC (hereinafter FMCC). Before reaching the merits of this appeal, we find that this matter presents a preliminary jurisdictional issue: whether a judgment that is otherwise final on the merits but awards attorney fees—not determinable from the face of the judgment—is a final, appealable judgment. After *en banc* consideration of this issue, we find that a judgment that awards an unspecified amount of attorney fees is not a final, appealable judgment. Accordingly, for the reasons provided below, we exercise our supervisory jurisdiction to remand this matter to the trial court to either (1) amend the judgment to designate it as a final and appealable under La. C.C.P. art. 1915(B), or (2) rule on the attorney fees issue so that all outstanding claims are resolved and a final judgment may be issued pursuant to La. C.C.P. art. 1915(A).

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2018, FMCC filed suit against Ms. Davis in the 40th Judicial District Court for the Parish of St. John the Baptist, alleging that Ms. Davis defaulted on a "retail installment contract," which granted a security interest on a 2012 Ford Focus automobile. In its petition, FMCC sought to collect the remaining contract balance of $6,425.74 in addition to interest, costs, and contractual attorney fees. On March 20, 2018, Ms. Davis reconvened against FMCC, contending that her vehicle had been declared a "lemon" pursuant to the "Ford Powershift Transmission" litigation and further alleging that FMCC improperly repossessed and sold her vehicle in violation of the Fair Debt Collection Practices Act.

FMCC subsequently filed a motion for summary judgment on its principal demand and an exception of prescription on Ms. Davis' reconventional demand. On September 16, 2019, the trial court issued a written judgment granting FMCC's exception of prescription and dismissing Ms. Davis's reconventional demand against it with prejudice. The September 16, 2019 judgment further granted FMCC's motion for summary judgment on its principal demand as follows:

> Olethia Davis is hereby liable unto Ford Motor Credit Company LLC in the amount of $6,425.74, plus interest on that sum at the rate of 9.0 percent per annum from April 19, 2017 until paid in full, plus all costs, including attorneys' fees, incurred by Ford Credit in prosecuting this claim and collecting the amounts due it.

Ms. Davis has appealed the September 16, 2019 judgment. In connection with her appeal, Ms. Davis filed a motion for a "limited remand" of this matter to the trial court for certification of the judgment as final under La. C.C.P. art. 1915(B), asserting that because the judgment on appeal does not set forth a specific amount of attorney fees awarded, it is not a final, appealable judgment.

## DISCUSSION

We have determined that this jurisdictional issue should be reviewed *en banc* because any determination by this Court that the judgment at issue is not a final, appealable judgment could be construed as being in conflict with this Court's prior practice as demonstrated in our opinion in *Brandner v. Staf-Rath, L.L.C.*, 10-778 (La. App. 5 Cir. 4/26/11), 64 So.3d 812, 826, *writ denied*, 11-1085 (La. 9/2/11), 68 So.3d 523, wherein this Court reviewed a similar judgment in a similar procedural posture pursuant to its appellate jurisdiction.

In *Staf-Rath*, this Court found the trial court judgment defective for lack of decretal language because the judgment did not identify the name of the party cast in judgment. This Court amended the trial court judgment on appeal and corrected the decretal language deficiency—but did not address that the judgment, even as

amended by this Court, awarded "reasonable attorney's fees, in an amount to be set by this Court [the trial court] following a hearing on that issue." The judgment in *Staf-Rath*, after this Court affirmed the trial court judgment as amended, provided:

> IT IS ORDERED, ADJUDGED AND DECREED that judgment is rendered in favor of defendant, Staf–Rath, LLC, on its reconventional demand against the plaintiffs, Michael Brandner and Cynthia Brandner, in the amount of $56,500, plus judicial interest from January 26, 2007, plus costs including expert fees in the amount of $6937.50, <u>as well as reasonable attorney's fees, in an amount to be set by this Court following a hearing on that issue</u>. Judgment is also rendered in favor of the defendant, Staf–Rath, LLC as to the plaintiffs', Michael Brandner and Cynthia Brandner's case-in-chief, which is dismissed with prejudice.
>
> *Id.* (emphasis added).

One year later, in the subsequent appeal of the judgment quantifying the attorney fees, this Court, in *Brandner v. Staf-Rath*, 12-62 (La. App. 5 Cir. 5/31/12), 102 So.3d 186, 189, *writ denied*, 12-2196 (La. 11/21/12), 102 So.3d 62, and *writ denied*, 12-2210 (La. 11/21/12), 102 So.3d 62, pointed out that, "[w]hile the appeal was pending in this Court, the trial court held a three-day hearing on the issue of reasonable attorneys' fees due Staf-Rath as per the terms of the purchase agreement" and referenced that "[t]his Court granted a writ application in Staf-Rath's favor, ruling that the trial court retained jurisdiction to hear the attorneys' fees matter during the pendency of the appeal." *Brandner v. Staf-Rath, L.L.C.,* No. 10-C-543 (La. App. 5 Cir. 7/19/10) (unpublished writ disposition).[1]

Therefore, this Court has previously determined that, after the granting of an appeal of an underlying judgment on the merits that also awards an indeterminate amount of attorney fees, a trial court retains jurisdiction to conduct a hearing to

---

[1] In that unpublished writ disposition (10-C-543), this Court specifically addressed the issue and found:
> The issue presented by this writ application is whether the trial court retains jurisdiction to set the amount of attorney's fees awarded in a judgment after the order of appeal has been signed. We conclude that it does, and we therefore grant the writ application and reverse the decision of the trial court.

quantify the amount of those attorney fees awarded.[2]  In so holding, this Court has

exercised its appellate jurisdiction to consider the merits of the appeal of an

underlying judgment that also awards an indeterminable amount of attorney fees.

Other Louisiana circuit courts of appeal, however, have held that a judgment

on the merits which reserves for a later date the determination of an award of

attorney fees is an interlocutory judgment and is not a final, appealable judgment

reviewable under the court's appellate jurisdiction.[3] *See Andrew Paul Gerber*

*Testamentary Tr. v. Flettrich*, 16-0065 (La. App. 4 Cir. 11/2/16), 204 So.3d 634,

638; *Conrad v. McGowan Working Partners, Inc.*, 08-1251 (La. App. 3 Cir.

11/12/08), 997 So.2d 872 (holding that a judgment awarding attorney's fees but

not setting the amount of those fees is a partial judgment that must be designated as

final under Art. 1915(B)).

The Louisiana First Circuit Court of Appeal, recently faced with a similar

jurisdictional issue, considered the issue *en banc* to prevent conflicting decisions

within its Circuit.  In *Advanced Leveling & Concrete Solutions v. The Lathan*

*Company, Inc.*, 17-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, the First

Circuit ultimately determined that the Court lacked appellate jurisdiction to

consider the merits of an appeal wherein the issue of the quantification of attorney

fees awarded had not yet been decided and was not included in the judgment on

appeal.  In a concurring opinion, Judge Holdridge pointed out that under La. C.C.P.

art. 1915(B)(2), such a partial judgment, which awards but does not quantify

---

[2] This Court has found that the enumerated list in La. C.C.P. art. 2088, which provides that the trial court is divested of jurisdiction over matters reviewable on appeal upon the granting of an order of appeal but continues to exercise jurisdiction over matters not reviewable under the appeal, is not exclusive. *Dufrene v. Gautreau Family, LLC,* 07-467 (La. App. 5 Cir. 2/22/08), 980 So. 2d 68, 84, *writ denied,* 08-0629 (La. 5/9/08), 980 So. 2d 694, and *writ denied*, 08-0628 (La. 5/9/08), 980 So.2d 698; *Law Offices of Fred L. Herman, APLC v. Helmer*, 13-235 (La. App. 5 Cir. 10/9/13), 128 So.3d 310, 312.
[3] The First Circuit has distinguished a judgment reserving for later the issue of "reasonable attorney fees" from an otherwise final judgment that awards taxable costs but does not quantify or tax those costs, citing La. C.C.P. art. 2088. See *In re Interdiction of Metzler*, 15-0982 (La. App. 1 Cir. 2/22/16), 189 So.3d 467, 469. We do not opine on that issue at this time.

20-CA-271                                          4

attorney fees, can be amended at any time to be certified as final under La. C.C.P. art. 1915(B)(1).

After considering this jurisdictional issue *en banc*, we agree with the First Circuit's position in *Advanced Leveling & Concrete Solutions, supra*, and hold that an otherwise final judgment that awards attorney fees but does not specify the amount of fees awarded is not a final, appealable judgment. Because the September 16, 2019 judgment at issue in this appeal awards an unspecified amount of attorney fees, we find that the judgment appealed is not a final, appealable judgment.

This Court cannot reach the merits of an appeal unless our jurisdiction has been properly invoked by a valid final judgment. *Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc.*, 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915. "No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B)." La. C.C.P. art. 1911(B). In the absence of such a designation, a judgment shall not constitute a final judgment for purposes of an immediate appeal. *Richardson v. Capitol One, N.A.*, 18-240 (La. App. 5 Cir. 10/5/18), 258 So.3d 208, 211; La. C.C.P. art. 1915(B)(2). Nonetheless, a certification order issued after a notice of appeal may cure jurisdictional defects in the appeal. *In re Interdiction of Gambino*, 20-312 (La. 6/3/20), 296 So.3d 1046.

## DECREE

Because we find that the September 16, 2019 judgment appealed in this matter is not a final, appealable judgment, we hereby exercise our supervisory jurisdiction to remand this matter to the trial court. It is ordered that, on remand, the trial court amend its September 16, 2019 judgment to either (1) designate the judgment as final and appealable under La. C.C.P. art. 1915(B), OR (2) determine the amount of attorney's fees to be awarded and render a final appealable judgment

pursuant to La. C.C.P. art. 1915(A). Either action is to be accomplished within 30 days of the date of this Per Curiam. It is further ordered that the Clerk of Court for the 40th Judicial District Court supplement the appellate record with the trial court's amended or modified judgment within 10 days of the signing of that judgment.

It is further ordered that the Clerk of Court for the Fifth Circuit Court of Appeal remove this appeal from the February docket. Upon supplementation of the appellate record, the Clerk of Court is ordered to reset this case on the next available docket.

**<u>REMANDED WITH INSTRUCTIONS</u>**

FORD MOTOR CREDIT COMPANY, LLC

VERSUS

OLETHIA DAVIS

NO. 20-CA-271

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## CHEHARDY, C.J., CONCURS IN PART, DISSENTS IN PART

I concur with the order of remand, but respectfully dissent from the majority reasoning regarding the need for *en banc* review of the jurisdictional issue.

FORD MOTOR CREDIT COMPANY, LLC          NO. 20-CA-271

VERSUS                                                   FIFTH CIRCUIT

OLETHIA DAVIS                                       COURT OF APPEAL

                                                              STATE OF LOUISIANA


## WINDHORST, J., CONCURS IN PART, DISSENTS IN PART

I also concur with the order of remand, but respectfully dissent from the majority reasoning regarding the need for *en banc* review of the jurisdictional issue.

FORD MOTOR CREDIT COMPANY, LLC          NO. 20-CA-271

VERSUS                                  FIFTH CIRCUIT

OLETHIA DAVIS                           COURT OF APPEAL

                                        STATE OF LOUISIANA


**MOLAISON, J., CONCURS WITH REASONS**

While I concur with the order of remand to the trial court to certify the judgment as final or determine the amount of attorney's fees, as I agree that the judgment in this case was not a final judgment, I disagree that this case presented a conflict with this court's prior practice. The judgment in the case cited to in the majority's opinion was not similar. In Brandner v. Staf-Rath, L.L.C., 10-778 (La. App. 5 Cir. 4/26/11), 64 So.3d 812, 826, writ denied, 11-1085 (La. 9/2/11), 68 So.3d 523, the court's judgment reflected that the issue of the attorney's fees would be determined at a hearing to be held separately. In this case, there is no indication of how or when the attorney's fees would be determined. Therefore, I concur with the majority's analysis and conclusion, but do not believe that this case created the need for an en banc review of this court's prior practice.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 17, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-271

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE (DISTRICT JUDGE)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
SCOTT C. BARNEY (APPELLEE)

**MAILED**
ROBERT W. MAXWELL (APPELLEE)
ATTORNEY AT LAW
130 TERRA BELLA BOULEVARD
COVINGTON, LA 70433

OLETHIA DAVIS  (APPELLANT)
POST OFFICE BOX 2174
LAPLACE, LA 70069