NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CA 22-651

GANNETT RIVER STATES PUBLISHING

CORPORATION, ET AL.

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED

GOVERNMENT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20220518
HONORABLE THOMAS JAMES FREDERICK, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Gary J. Ortego, Judges.

APPEALS DISMISSED.

**James H. Gibson**
**Michael O. Adley**
**Gibson Law Partners, LLC**
**Post Office Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Lafayette Police Department**
    **Major Monte Potier**
    **Lafayette City-ParishConsolidated Government**

**Michael Dean Hebert**
**Becker & Hebert**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Lafayette Police Department**
    **Major Monte Potier**
    **Lafayette City-ParishConsolidated Government**

**Allyson Claire Melancon**
**Attorney at Law**
**Salinger Law**
**820 East St. Mary Boulevard**
**Lafayette, LA 70503**
**(337) 235-5791**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sgt. Wayne Griffin**

**Gary McGoffin**
**Attorney at Law**
**Durio, McGoffin, Stagg & Guidry**
**220 Heymann Boulevard**
**Post Office Box 51308**
**Lafayette, La 70505**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Gannett River States Publishing Corporation d/b/a Daily Advertiser**
    **The Current Media, Inc.**

**PICKETT, Judge.**

Defendants-Appellees, Lafayette City-Parish Consolidated Government (LCG), Lafayette Police Department, and Major Monte Potier, filed a motion to dismiss the appeal of the May 16, 2022 judgment for lack of jurisdiction. For the reasons expressed herein, we grant the motion and dismiss the appeal and also dismiss the appeal of the May 27, 2022 judgment.

The instant case arises out of the January 20, 2022 termination of Defendant-Appellee, Sgt. Wayne Griffin, from his position within the Lafayette Police Department following an internal investigation regarding allegations of sexual harassment. Plaintiffs-Appellants, Gannett River States Publishing Corporation d/b/a Daily Advertiser (The Advertiser) and The Current Media, Inc., requested from LCG records regarding the sexual harassment allegations and the ensuing investigation. LCG denied the requests. On February 2, 2022, The Advertiser and The Current filed a Petition for Declaratory Judgment, Mandamus, Injunction, Attorney Fees, Costs and Penalties, seeking the requested documents pursuant to the Louisiana Public Records Law, La.R.S. 44:1, *et seq*.

Following a hearing held on April 26, 2022, the trial court ordered an *in camera* inspection of the requested documents. On May 16, 2022, the trial court signed a written judgment, finding, in part:

> [A]fter conducting an *in camera* inspection of the documents at issue, the Plaintiffs are entitled to a redacted copy of the internal investigation file and termination letter, with all redactions having been reviewed and approved by this Court and by counsel for Wayne Griffin, and an unredacted copy of the concise officer history, all relating to former police Sergeant Wayne Griffin.

The trial court also ordered "that all claims for attorney fees and penalties are deferred."

On May 26, 2022, Plaintiffs filed a Motion for Limited New Trial which was summarily denied on May 27, 2022. Plaintiffs filed a Motion for Appeal and Proffer

on July 11, 2022, seeking to appeal the May 16, 2022 judgment and the May 27, 2022 denial of the motion for new trial. An order of appeal and proffer was granted on July 12, 2022.

In its motion to dismiss the appeal of the May 16, 2022 judgment, Defendants state that Plaintiffs did not request that the May 16, 2022 judgment be designated a final judgment under La.Code Civ.P. art. 1915(B). Since the judgment deferred ruling on penalties and attorney's fees, Defendants maintain that the judgment does not dispose of this entire matter. *See Brown v. Serpas*, 12-1308 (La.App. 4 Cir. 3/20/13), 112 So.3d 385, *writ denied,* 13-880 (La. 6/21/13), So.3d 416. As such, the judgment is not a final judgment subject to appeal, and this court lacks jurisdiction to hear the appeal.

Next, Defendants argue that Plaintiffs' improperly filed appeal of the May 16, 2022 judgment cannot be converted to a writ application because it would be untimely. Pursuant to La.Code Civ.P. art. 1914, a writ application must be filed within thirty days from the date of notice of the judgment. In the instant case, notice of judgment was mailed to the parties on May 17, 2022. Plaintiffs filed a Motion for Limited New Trial on May 26, 2022, which was summarily denied on May 27, 2022. Notice of judgment was mailed to the parties on May 31, 2022. Plaintiffs then filed a Motion for Appeal and to Proffer on July 11, 2022, more than thirty days after notice of judgment denying the motion for new trial.

In opposition to the motion to dismiss the appeal of the May 16, 2022 judgment, Plaintiffs request that instead of dismissing the appeal, this court stay the appeal and remand the matter for the limited purpose of having the trial court revise its judgment to designate said judgment as final and express that there is no just reason for delay. While Plaintiffs admit that the award of attorney fees due to their success in recovering the sought-after records has yet to be determined, Plaintiffs submit that

2

dismissal of this appeal to conduct such a hearing would not serve judicial economy and could result in piecemeal appeals.

In reply, Defendants point out that Plaintiffs do not dispute that they have appealed a non-appealable judgment. Instead of simply resolving all their claims, Plaintiffs ask this court to allow this matter to proceed in a piecemeal fashion. Defendants add that it has not been determined whether attorney's fees, if recoverable, are limited to fees expended on the claims relating to the public records request or if the award encompasses all fees expended in this matter. These issues, Defendants maintain, will be hotly contested in the trial court and likely appealed. As such, Defendants urge that these issues must be determined before this appeal can be heard to avoid this matter proceeding in a piecemeal fashion.

Defendants assert that this court routinely dismisses appeals under such circumstances. In *Conrad v. McGowan Working Partners, Inc.*, 08-1251 (La.App. 3 Cir. 11/12/08), 997 So.2d 872, the plaintiff brought an action against the defendant, seeking various relief arising out of a mineral lease, including a demand for attorney's fees. The trial court granted summary judgment in favor of defendant, awarded attorney's fees and costs to the plaintiff, and directed the plaintiff to submit proposed fees and costs. The plaintiff appealed. In dismissing the appeal, this court reasoned:

> We find that the judgment rendered in the instant case does not fall within any of the provisions in La.Code Civ.P. art. 1915(A). Since the judgment awards the plaintiff attorney fees but does not set the amount of those fees, we find that the trial court's ruling is a partial judgment which falls under the provisions of La.Code Civ.P. art. 1915(B).

*Id*. at 874-875. This court further reasoned that permitting the appeal to proceed could result in a piecemeal appeal, explaining:

> In the brief filed in this court in response to the rule to show cause, the plaintiff stated that subsequent to entry of the judgment appealed, the parties have been unsuccessful in establishing the dollar figure to be assigned the attorney fee award. Therefore, this issue must be presented to the trial court. If the plaintiff or defendant is not satisfied with the

3

amount of the attorney fee award, either party or both could seek review from this court of that ruling.

*Id.* at 875.

In *Evergreen Presbyterian Ministries v. Wallace*, 05-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, both the plaintiff and the defendant appealed from a judgment of the workers' compensation court awarding to the plaintiff supplemental earnings benefits at zero earning capacity and finding that the plaintiff was not temporarily and totally disabled or totally and permanently disabled. The judgment provided, however, that the issue of penalties and attorney's fees would be decided at a later date. In dismissing the appeal, this court reasoned:

> [A] piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.,* 37,777 (La.App. 2 Cir. 10/29/03), 859 So.2d 896, in footnote four (*citing Rhodes [v. Lewis, 01-1989 (La. 5/14/06)],* 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

In the instant case, we note that Plaintiffs have filed the appeal of the May 16, 2022 judgment before the trial court resolved the claims relating to attorney's fees and penalties. As such, this judgment does not fall within the provisions of La.Code Civ.P. art. 1915(A). Accordingly, we find that the appeal of the May 16, 2022 judgment should be dismissed for having been taken from a partial final judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). We also find that the appeal cannot be construed as a timely motion for supervisory writs.

We also dismiss the remaining appeal of the May 27, 2022 denial of the motion for new trial. "'A judgment denying a motion for new trial is an interlocutory order, not a final appealable judgment." *Shavers v. Shavers*, 350 So.2d 912 (La.App. 3 Cir.

4

1977).' *Babineaux v. University Medical Center*, 15-292 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120. Lastly, the appeal of the May 27, 2022 judgment cannot be construed as a timely motion for supervisory writs.

**APPEALS DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

5